■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KEVIN J. BRENNAN, Appellant. [736 NYS2d 436] —Mugglin, J. Appeal from a judgment of the County Court of Broome County (Mathews, J.), rendered October 8, 1999, upon a verdict convicting defendant of the crime of filing a false instrument in the first degree.

Defendant first asserts that he was denied a speedy trial

---

* The second plastic bag was found in the passenger's shoe at police headquarters.

(*see,* CPL 30.30 [1] [a]). This case was presented and prosecuted by the Attorney General. Statements of readiness filed by the District Attorney, at the request of the Attorney General, were within the required six-month period, while additional statements of readiness filed by the Attorney General were not. Defendant argues that only the actual prosecutor of the case, here the Attorney General, possesses the authority to declare readiness. We find this argument too technical and unpersuasive. Not only does defendant overlook the agency relationship between the District Attorney and the Attorney General—the District Attorney's notice clearly advised that the Attorney General would be prosecuting the case—but defendant ignores the basic objective of the notice, "namely, informing the court that the People are ready to proceed" (*People v Sutton,* 199 AD2d 878, 880). Notably, defendant does not claim that he was misled by the District Attorney's notice or prejudiced thereby.

Next, we reject defendant's claim that his conviction is not supported by legally sufficient evidence. Defendant's conviction stems from his answers to questions posed by the Broome County Office of Risk and Insurance in connection with workers' compensation benefits that defendant was receiving as the result of a back injury. Defendant's claim is that the evidence fails to establish that he had the requisite intent to defraud because the questions were ambiguous and he had reasonable explanations for his answers. By viewing the evidence in the light most favorable to the People (*see, People v Harper,* 75 NY2d 313, 316), a rational jury could conclude, beyond a reasonable doubt, that defendant responded falsely to the questions with the intent to defraud the agency (*see, People v Contes,* 60 NY2d 620, 621). In our view, the intent necessary for conviction is readily inferable from all the evidence in the case (*see, People v Montroy,* 225 AD2d 913).

We next address and reject defendant's claims concerning the grand jury proceedings. Defendant's conviction, based on legally sufficient evidence, forecloses any challenge to the sufficiency of the grand jury evidence (*see,* CPL 210.30 [6]; *People v Alameen,* 264 AD2d 937, 939, *lv denied* 94 NY2d 819), as well as any alleged irregularities resulting from off-the-record legal instructions to the grand jury. Moreover, defendant has shown no prejudice resulting from these instructions as they dealt only with charges that were dismissed (*see, People v Keller,* 214 AD2d 825, 826).

With respect to County Court's *Sandoval* ruling, the appropriate factors were clearly weighed. The People were autho-

rized to cross-examine defendant concerning a prior conviction, without exploring the facts, because it bore directly on the issue of credibility and individual honesty (*see, People v Hunter*, 273 AD2d 500, 502, *lv denied* 95 NY2d 935). Given the jury instruction limiting use of this evidence to the issue of credibility only, we find no abuse of discretion, even though the prior conviction is similar in nature to the current charge (*see, People v Walker*, 83 NY2d 455, 459-460; *People v Gordon [Thomas] [Ty]*, 282 AD2d 868, 869, *lvs denied* 96 NY2d 863, 869).

Additionally, after considering the entirety of the proceeding, we are convinced that defendant received the effective assistance of counsel (*see, People v Baldi*, 54 NY2d 137). The failings to which defendant points as suggestive of ineffectiveness have either no merit (*see, People v Rivera*, 71 NY2d 705, 709), were trial tactics which have a legitimate explanation (*see, id.*, at 709) or deal with matters outside the record, which should be pursued in a postverdict motion pursuant to CPL article 440 (*see, People v Booker*, 280 AD2d 785, 786, *lv denied* 96 NY2d 916; *People v Hickey*, 277 AD2d 511, *lv denied* 95 NY2d 964).

Finally, since defendant failed to make his present arguments seeking dismissal of the indictment in the interest of justice to County Court (*see*, CPL 210.40 [1]), they are not preserved for our review (*see*, CPL 470.05; *People v Whetstone*, 281 AD2d 904, *lv denied* 96 NY2d 909). Likewise, defendant's challenge to the court's denial of his request to discharge a juror is not preserved for review as no specific objection or request was made following voir dire of the juror (*see*, CPL 470.05; *People v Lee*, 92 NY2d 987, 988).

Mercure, J.P., Crew III, Peters and Carpinello, JJ., concur. Ordered that the judgment is affirmed.