■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v KENNETH FELDER, Respondent. [754 NYS2d 18] —Order, Supreme Court, New York County (Budd Goodman, J.), entered on or about May 16, 2001, which granted defendant's motion to suppress his statements, unanimously affirmed.

The hearing court properly concluded that the People, who concede that defendant's right to counsel indelibly attached in 1994 as the result of an attorney's actual entrance into the matter at issue, failed to sustain their burden of establishing that the attorney-client relationship had terminated several years later when defendant was questioned by detectives (*People v West*, 81 NY2d 370, 379-381; *People v Marrero*, 51 NY2d 56, 59).

The evidence at the hearing established that the police were aware that the attorney had entered the case on defendant's behalf in 1994, that he gave them his business card, and that he instructed them not to talk to defendant without contacting him. When the police reopened the investigation in 1999, they made no attempt to contact the attorney before questioning defendant despite the fact that the attorney's name was included in the case file. The mere passage of time is insufficient to eradicate the attorney-client relationship (*People v West*, 81 NY2d at 379-380), and if there was any uncertainty about the existence of the attorney-client relationship, it was incumbent upon the police to contact the attorney (*People v Marrero*, *supra*), who was still practicing law and listed in the telephone directory.

We reject the People's contention that the totality of various circumstances establish that the attorney-client relationship had ceased at the time of questioning. After an unrelated 1994 case terminated, the only matter upon which the attorney represented defendant was the instant investigation. During the years that this investigation was dormant, there was no reason for defendant and the attorney to remain in contact. Furthermore, the circumstances that the attorney did not represent defendant in an intervening matter in Georgia and did not represent defendant after he was ultimately charged in the instant case do not establish a termination of the attorney-client relationship at the time of the police interrogation. Concur—Nardelli, J.P., Tom, Mazzarelli, Buckley and Ellerin, JJ.