■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TIMOTHY THORSEN, Appellant. [798 NYS2d 532]—

Mercure, J.P. Appeals (1) from a judgment of the County Court of Rensselaer County (McGrath, J.), rendered September 19, 1996, upon a verdict convicting defendant of the crimes of murder in the second degree and robbery in the first degree, and (2) by permission, from an order of said court, entered December 3, 2001, which denied defendant's motion pursuant to CPL 440.10 to vacate the judgment of conviction, without a hearing.

Defendant was charged in an indictment with second degree murder (two counts), first degree robbery and second degree burglary.* The indictment stemmed from an October 1987 robbery and murder of a manager of a Stewart's shop in the City of Troy, Rensselaer County. In 1989, defendant retained an attorney, Glen Witecki, who notified the Troy police in a letter that he was representing defendant in connection with the incident. Five years later, the police, interested in speaking with defendant about his possible involvement in the robbery and murder, went to defendant's residence in South Carolina, where they were assisted by local officers in locating defendant and questioning him. After he was read his *Miranda* rights, defendant indicated that he did not have a lawyer in connection with the incident and agreed to accompany the officers to the Beaufort, South Carolina police station, where he made several admissions regarding his involvement in the murder. Subsequently, an arrest warrant was issued for defendant, who waived extradition and was brought back to New York.

Following a suppression hearing, County Court determined that the statements made by defendant in South Carolina were admissible at trial. Defendant was ultimately found guilty by a jury of murder in the second degree and robbery in the first degree and sentenced to an aggregate term of 25 years to life in prison. County Court thereafter denied, without a hearing, defendant's CPL 440.10 motion to set aside the verdict. Defendant now appeals from the judgment of conviction and, by permission, from the order denying his CPL 440.10 motion.

Defendant first contends that his federal and state rights to counsel and to remain silent were violated by the interrogation in South Carolina and that his statements to police there should have been suppressed. The People concede that defendant's

---

\* Defendant was charged as a codefendant and accomplice with Jacques Rivette, whose appeals from his conviction and postjudgment motions are decided herewith.

right to counsel attached when the police received Witecki's 1989 letter informing them that he represented defendant in connection with the incident and directing them to contact Witecki if they wished to question defendant (*see generally Miranda v Arizona*, 384 US 436 [1966]; *People v West*, 81 NY2d 370 [1993]). The People further concede that under New York law—which is broader than its federal counterpart (*see People v Ramos*, 99 NY2d 27, 33 n 3 [2002]; 2 LaFave, Israel and King, Criminal Procedure § 6.4 [f], at 493 n 100 [2d ed 1999])—the mere passage of time is insufficient to eradicate the attorney-client relationship and the police bore the burden of determining whether Witecki's representation of defendant continued (*see People v West, supra* at 376, 379-380). The People argue, however, and we agree, that the police met that burden here.

When they wished to question defendant in 1994, the police contacted Witecki directly, as he instructed. Witecki, after initially stating that he was attorney of record, informed them verbally that he was unsure if he still represented defendant and then sent them a fax expressly permitting the police to contact defendant. Indeed, Witecki stated in the fax that "if you do speak with [defendant] and advise him of our discussions and this fax, I will not consider myself his attorney unless he comes to a retainer agreement with me within two weeks of the date that you speak with him." When the police spoke with defendant, he indicated that he did not have an attorney and, after he was read his *Miranda* rights, that he did not wish to have an attorney present.

Contrary to defendant's argument, the police did not improperly induce him to waive his right to counsel in the absence of counsel (*see generally People v Grice*, 100 NY2d 318, 320-321 [2003]). Instead, the police resolved an ambiguity in the attorney-client relationship by first contacting Witecki and determining that the attorney-client relationship had terminated, and then verifying that fact with defendant himself (*cf. People v West, supra* at 379-381; *People v Marrero*, 51 NY2d 56, 59 [1980]). Under these circumstances, defendant's indelible right to counsel was not violated. Moreover, it cannot be said that defendant's right to remain silent was violated; defendant remained free to invoke his right to counsel at any time, at which point interrogation would be required to cease, but he chose not to do so (*see e.g. People v Ramos, supra* at 35).

Turning to defendant's remaining arguments, we conclude that County Court properly rejected his assertions—raised for the first time in a CPL 440.10 motion—that his arrest was not supported by probable cause and was illegally effectuated under

South Carolina law. All relevant facts regarding the arrest were known to defendant prior to his trial and, thus, his argument should have been raised at that time (*see* CPL 440.10 [3] [a]; *People v Williams*, 286 AD2d 620, 620-621 [2001], *lv denied* 97 NY2d 659 [2001]). Further, inasmuch as defendant fails to explain why certain newly discovered exculpatory evidence— i.e., an all points police bulletin—was not available to him prior to trial or could not have been produced with due diligence, County Court properly denied that portion of defendant's motion seeking to vacate the judgment based on that evidence (*see* CPL 440.10 [1] [g]; *People v McGourty*, 188 AD2d 679, 681 [1992], *lv denied* 81 NY2d 843 [1993]). Even assuming that such evidence was not available, we would reject defendant's arguments for the same reason that we reject the arguments of his codefendant, Jacques Rivette, regarding the bulletin (*People v Rivette*, 20 AD3d 598 [2005]).

Defendant's remaining arguments are either not properly before this Court or, upon review, have been determined to be meritless.

Crew III, Peters, Spain and Kane, JJ., concur. Ordered that the judgment and order are affirmed.