■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DONALD MADISON, Appellant. [818 NYS2d 364]—

Mercure, J. Appeal from a judgment of the County Court of Schenectady County (Eidens, J.), rendered December 22, 2004, upon a verdict convicting defendant of the crime of grand larceny in the fourth degree.

Defendant was arrested after the victim accused him of snatching $15 from her hand and then riding off on her bicycle. The victim alleged that as she struggled with defendant, he brandished a knife. Subsequently, defendant signed a confession admitting that he stole the money and bicycle after a brief

struggle, but denying that he possessed or displayed a weapon. Defendant stated that he took the money after the victim approached him while he was smoking crack cocaine and asked if she could buy some of the drug.

Defendant was charged in an indictment with robbery in the first degree, grand larceny in the fourth degree and menacing in the second degree. Following a jury trial, he was found guilty of grand larceny in the fourth degree and sentenced as a persistent felony offender to a prison term of 20 years to life. He now appeals, asserting that he was denied the effective assistance of counsel at trial. We disagree.

In order "[t]o prevail on his claim that he was denied effective assistance of counsel, defendant must demonstrate that his attorney failed to provide meaningful representation" in light of the circumstances of a particular case, viewed in totality (*People v Caban*, 5 NY3d 143, 152 [2005]; *see People v Turner*, 5 NY3d 476, 480 [2005]). Further, true ineffectiveness must not be confused with losing trial tactics; instead, defendant must " 'demonstrate the absence of strategic or other legitimate explanations' for counsel's allegedly deficient conduct" (*People v Caban, supra* at 152, quoting *People v Rivera*, 71 NY2d 705, 709 [1988]; *see People v Henry*, 95 NY2d 563, 565 [2000]).

Here, defense counsel made appropriate pretrial motions, thoroughly cross-examined witnesses, interjected well-founded objections, gave articulate and effective opening and closing statements and presented a consistent theory throughout trial. Indeed, defendant was acquitted of menacing in the second degree and the jury was unable to reach a verdict on the first count of robbery in the first degree. Although defendant complains that counsel did not call any character witnesses in his defense or put him on the stand, we note that such witnesses would have been subject to cross-examination regarding defendant's extensive criminal record. Finally, defendant has not articulated any prejudice that resulted from the late arrival of counsel to court on one occasion or counsel's performance at the persistent felony hearing. Under these circumstances and notwithstanding counsel's self-critical statement, we conclude that defendant was afforded the effective assistance of counsel at trial (*see People v Valderama*, 25 AD3d 819, 821 [2006], *lv denied* 6 NY3d 854 [2006]; *People v Deshields*, 24 AD3d 1112, 1113-1114 [2005], *lv denied* 6 NY3d 811 [2006]; *People v Washington*, 21 AD3d 648, 650-651 [2005], *lv denied* 6 NY3d 839 [2006]).

Cardona, P.J., Carpinello, Mugglin and Lahtinen, JJ., concur. Ordered that the judgment is affirmed.