(March 6, 2008)

■ The People of the State of New York, Respondent, v Malakie Watkins, Appellant. [852 NYS2d 483]—

Spain, J.

Defendant's argument that the verdict is not supported by the weight of evidence is based upon the premise that the jury should have credited his assertedly more credible account over that of the testifying correction officer, a proposition we find to be unsupported by the record. According deference to the jury's first-hand ability to evaluate the conflicting accounts of the incident and to assess the credibility of the witnesses, we find no reason to disagree with its implicit decision to believe the officer's account that defendant himself in fact discarded the metal rods—dangerous contraband—when approached by the officer (*see People v Bleakley*, 69 NY2d 490, 495 [1987]; *People v*

*Camerena,* 42 AD3d 814, 815 [2007], *lv denied* 9 NY3d 921 [2007]; *see also* Penal Law § 205.25 [2]). We perceive no deficiency or lack of believability in the officer's testimony, which was corroborated in part by the testimony of an officer who responded to the incident. Defendant's testimony, otherwise unsupported, denying discarding the rods and claiming that other inmates were nearby, presented a credibility issue which we see no reason to question (*see People v Hodge,* 290 AD2d 582, 584 [2002], *lv denied* 97 NY2d 755 [2002]).

We are also unpersuaded that County Court abused its discretion in permitting the prosecutor to impeach defendant regarding his conviction for attempted murder (for which he was incarcerated) and with 12 prison disciplinary reports (without the details or specific charges). These prior acts bore directly on defendant's credibility and willingness to further his own interests at the expense of society; it cannot be said that their potential prejudice outweighed their probativeness on defendant's believability as a witness so as to warrant their exclusion (*see People v Grant,* 7 NY3d 421, 425-426 [2006]; *People v Hayes,* 97 NY2d 203, 208 [2002]; *People v Gray,* 84 NY2d 709, 712 [1995]; *People v Adams,* 39 AD3d 1081, 1082 [2007], *lv denied* 9 NY3d 872 [2007]). Also, the court instructed the jury at the time the testimony was elicited and in its final charge regarding the limited purpose of the testimony* (*see People v Montgomery,* 22 AD3d 960, 963 [2005]).

Next, we agree that the prosecutor's inquiry of defendant on cross-examination regarding his wearing at trial of "a religious cap" and the length of time he had been affiliated with that religion and worn it—apparently to undermine defendant's perceived attempt to influence the jury—was better left unsaid (*see People v Johnson,* 3 AD3d 581, 582 [2004], *lv denied* 2 NY3d 763 [2004]; *see also People v Wood,* 66 NY2d 374, 378-381 [1985]; *People v Pizzaro,* 7 AD3d 395 [2004], *lv denied* 3 NY3d 680 [2004]; *People v Williams,* 131 AD2d 525 [1987], *lv denied* 70 NY2d 718 [1987]). However, we find no substantial prejudice from this or any other claimed misconduct during summation, none of which was objected to or operated to deprive defendant of a fair trial (*see People v Tarantola,* 178 AD2d 768, 770 [1991], *lv denied* 79 NY2d 954 [1992]). Further, given defendant's testimony, the prosecutor was entitled in summation to point out the lack of any evidence to corroborate his claims that other

---

* While County Court's instructions specifically referred only to defendant's prior conviction and not his disciplinary record, no objections were raised to the charge and, in any event, it adequately conveyed the message that evidence of unrelated prior bad acts was relevant only to credibility.

inmates were present, which did not shift the burden of proof to defendant (*see People v Youmans*, 292 AD2d 647, 648 [2002], *lv denied* 98 NY2d 704 [2002]; *People v Overlee*, 236 AD2d 133, 142-143 [1997], *lv denied* 91 NY2d 976 [1998]; *cf. People v Allen*, 13 AD3d 892, 898 [2004], *lv denied* 4 NY3d 883 [2005]).

Given that defendant has not demonstrated or argued the "absence of strategic or legitimate reasons" for not calling the inmates allegedly present at the incident (*People v Cancer*, 16 AD3d 835, 840 [2005], *lv denied* 5 NY3d 826 [2005]) and that the record otherwise reflects that defendant received competent and vigorous representation, we find defendant has not met his burden on his claim of ineffective assistance (*see People v Hobot*, 84 NY2d 1021, 1022 [1995]). Also, defendant's CPL 440.10 motion was properly denied without a hearing as defendant did not show that the exculpatory affidavit of another inmate could not, with due diligence, have been discovered and produced prior to trial (*see* CPL 440.10 [1] [g]; *People v Thorsen*, 20 AD3d 595, 598 [2005], *lv denied* 5 NY3d 810 [2005]; *see also People v Wong*, 256 AD2d 724, 726 [1998], *lv denied* 93 NY2d 903 [1999]).

Defendant's remaining claims, most unpreserved, lack merit, including his assertions with respect to County Court's *Allen* charge and the supervision of the deliberating jury, and his challenge to the sentence as harsh and excessive.

Mercure, J.P., Rose, Lahtinen and Kane, JJ., concur. Ordered that the judgment and order are affirmed.