■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN CRUZ, Appellant. [863 NYS2d 274]—Appeals (1) from a judgment of the County Court of Ulster County (Bruhn, J.), rendered August 23, 2005, convicting defendant upon his plea of guilty of the crime of robbery in the first degree, and (2) from a judgment of said court, rendered August 23, 2005, which revoked defendant's probation and imposed a sentence of imprisonment.

While on probation following his conviction of rape in the second degree, defendant was indicted on one count of robbery in the first degree and one count of robbery in the second degree. Defendant thereafter pleaded guilty to one count of robbery in the first degree in satisfaction of the indictment and to violating the terms of his probation. As to sentencing, County Court imposed the agreed-upon sentence of 10 years in prison followed by five years of postrelease supervision for the robbery conviction. County Court also revoked defendant's probationary sentence on the rape conviction and imposed a prison term of 2$^1$/$_3$ to 7 years, to be served concurrently with the sentence imposed on the robbery conviction. This appeal by defendant ensued.

Defendant's primary contention on appeal is that the negotiated sentence imposed is harsh and excessive and should be reduced in the interest of justice. We cannot agree. As the sentence falls within the permissible statutory range, we will not disturb it unless we find that the sentencing court abused its discretion or extraordinary circumstances exist warranting a modification (*see People v Brown*, 46 AD3d 949, 952 [2007], *lv denied* 10 NY3d 808 [2008]). Our review of the record fails to disclose a clear abuse of discretion or the existence of any extraordinary circumstances that would warrant a reduction of the sentence in the interest of justice.

As a final matter, to the extent that defendant's pro se brief may be read as advancing a claim of ineffective assistance of counsel, the record before us fails to substantiate defendant's argument on this point. To the extent that defendant's ineffective assistance of counsel claim pertains to matters outside the record, such claim should be pursued via a CPL article 440 motion (*see People v Douglas*, 38 AD3d 1063, 1064 [2007], *lv denied* 9 NY3d 843 [2007]).

Mercure, J.P., Peters, Rose, Malone Jr. and Kavanagh, JJ., concur. Ordered that the judgments are affirmed.