THIRD DEPARTMENT, DECEMBER, 2008

(December 4, 2008)

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALTON C. HUTCHINSON, Appellant. [868 NYS2d 807]—

Stein, J.

Defendant was indicted by a Chemung County grand jury on one count of assault in the first degree, one count of attempted rape in the first degree and two counts of assault in the second degree in connection with the brutal beating of a female correc-

tion counselor employed at the prison where defendant was incarcerated. Following a jury trial, defendant was convicted of two counts of assault in the second degree, and was acquitted of assault in the first degree and attempted rape in the first degree. Defendant was subsequently sentenced, as a persistent felony offender, to 25 years to life for each count, such sentences to run concurrently with each other but consecutive to a prior sentence on unrelated charges. Defendant now appeals and we affirm.

We reject defendant's claims of ineffective assistance of counsel based on conduct that allegedly occurred prior to sentencing.[1] Some of the conduct about which defendant complains—such as counsel's failure to instruct defendant on how to properly answer certain questions when testifying during the trial and to properly prepare for the persistent felony offender hearing—are not a part of the record and, therefore, are not a proper subject for our review on this direct appeal; rather, the appropriate remedy is first by way of a CPL article 440 motion (*see People v Cruz*, 53 AD3d 986 [2008]; *People v Douglas*, 38 AD3d 1063, 1064 [2007], *lv denied* 9 NY3d 843 [2007]). We have also examined defendant's claims with regard to counsel's failure to request an intoxication charge and a missing witness charge and find them to be unsupported by the record (*see Vetere v Garcia*, 211 AD2d 631, 632 [1995]; *Arroyo v City of New York*, 171 AD2d 541, 542-543 [1991]). With respect to the remaining claims of ineffective assistance of counsel, defendant has failed " 'to demonstrate the absence of strategic or other legitimate explanations' for counsel's alleged shortcomings" (*People v Benevento*, 91 NY2d 708, 712 [1998], quoting *People v Rivera*, 71 NY2d 705, 709 [1988]; *see People v Caban*, 5 NY3d 143, 152 [2005]; *People v Madison*, 31 AD3d 974, 975 [2006], *lv denied* 7 NY3d 868 [2006]), or to " 'demonstrate that his attorney failed to provide meaningful representation' in light of the circumstances of [this] case, viewed in totality" (*People v Madison*, 31 AD3d at 975, quoting *People v Caban*, 5 NY3d at 152; *see People v Henry*, 95 NY2d 563, 565 [2000]; *People v Baldi*, 54 NY2d 137, 147 [1981]), particularly in view of defendant's acquittal on two of the top counts of the indictment.

Likewise, we find no merit to defendant's contention that County Court erred when it considered and denied his pro se motion to set aside the verdict on the ground of ineffective assistance of counsel without appointing new representation. It is well settled that a "defendant's right to counsel [is] adversely

---

1. We note that defendant's initial assigned counsel was replaced during pretrial proceedings at defendant's request.

affected when his [or her] attorney, either voluntarily or at the court's urging, [becomes] a witness against him [or her]" (*People v Santana*, 156 AD2d 736, 737 [1989]; *see People v Rozzell*, 20 NY2d 712, 713 [1967]; *People v Sawyer*, 55 AD3d 949, 951 [2008]; *People v Mills*, 45 AD3d 892, 895-896 [2007], *lv denied* 9 NY3d 1036 [2008]; *People v Milazo*, 33 AD3d 1060, 1061 [2006], *lv denied* 8 NY3d 883 [2007]). Regardless of the nature of the allegations contained in a pro se motion, defense counsel has "no duty to support a motion that he [or she] determined to be without merit" (*People v Jones*, 261 AD2d 920, 920 [1999], *lv denied* 93 NY2d 972 [1999]); a lack of such support does not constitute a position adverse to the client (*see People v Vasquez*, 70 NY2d 1, 4 [1987]).

Here, although defense counsel advised County Court that he was unable to represent defendant with respect to any contentions of ineffective assistance, counsel made no statements on the record disputing those contentions. Since defendant's attorney did not take a position adverse to defendant in his pro se motion to set aside the verdict, County Court was not required to appoint new counsel before determining the motion (*see People v Vasquez*, 70 NY2d at 4; *People v Jones*, 261 AD2d at 920).[2] Based on County Court's unique ability to assess the circumstances, including the evidence at trial, we also find no error in the denial of the motion.

Next, we find that County Court properly sentenced defendant as a persistent felony offender. The record evidence established beyond a reasonable doubt that defendant had previously been convicted of two or more felonies (*see* Penal Law § 70.10 [1]); in fact, defendant acknowledged his prior felony convictions and did not allege any constitutional violations relating thereto. In addition, a reading of the record establishes that County Court conducted a proper examination of defendant's "history and character" and "the nature and circumstances of his criminal conduct" (Penal Law § 70.10 [2]) and made the requisite findings prior to imposing sentence to support the conclusion that the public interest will best be served by an extended period of incarceration and lifetime supervision (*see* Penal Law § 70.10 [2]; *People v Andre*, 232 AD2d 884, 885-886 [1996], *lv denied* 89 NY2d 918 [1996]; *People v Oliver*, 96 AD2d 1104, 1105 [1983], *affd* 63 NY2d 973 [1984]).

We have considered defendant's remaining contentions and, to the extent that they are preserved for our review, find them to be unavailing.

---

2. Notably, there was no request by defendant for new counsel for purposes of the motion or when counsel continued to represent him during the immediately ensuing persistent felony offender hearing and sentencing.

Cardona, P.J., Spain, Rose and Malone Jr., JJ., concur. Ordered that the judgment is affirmed.