■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANDRE SMITH, Also Known as SEVEN, Appellant. [880 NYS2d 760]—

Kane, J. Appeal from a judgment of the County Court of Schenectady County (Eidens, J.), rendered August 11, 2004, upon a verdict convicting defendant of the crimes of murder in the second degree, criminal sale of a controlled substance in the third degree, criminal possession of a controlled substance in the third degree, criminal possession of a weapon in the second degree, reckless endangerment in the first degree, criminal possession of a weapon in the third degree (four counts), tampering with physical evidence, reckless endangerment in the second degree, petit larceny, criminal possession of stolen property in the fifth degree and menacing in the second degree.

Following the shooting death of a man who owed defendant money from drug deals, a grand jury handed up a 21-count indictment against defendant. A trial jury found him guilty of 14 counts. Defendant appeals.

The convictions were supported by legally sufficient evidence and not against the weight of the evidence. As for sufficiency, defendant only made a particularized motion to dismiss the counts charging criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree, thus failing to preserve his argument as to any other counts (*see People v Portee*, 56 AD3d 947, 948-949 [2008]; *People v Balram*, 47 AD3d 1014, 1015-1016 [2008], *lv denied* 10 NY3d 859 [2008]). Several witnesses testified regarding defendant's possession of crack cocaine and his exchange of crack cocaine for the use of a car, constituting legally sufficient

evidence of his possession and sale of a controlled substance. As to weight of the evidence, defendant challenges only his conviction of murder in the second degree. On that count, four eyewitnesses who were in the vehicle with defendant testified that he shot the victim. Even if all of the occupants of the car were accomplices, thus requiring their testimony to be corroborated (*see* CPL 60.22 [1]), an independent witness who was on the street testified that the shooter was the front-seat passenger, a black male with long dreadlocks. Defendant and other witnesses testified that he was the front-seat passenger and was the only person in the car with long dreadlocks. According to his own testimony and that of the other occupants of the car, defendant was arguing with the victim immediately prior to the shooting. While defendant testified that a specific passenger in the back seat was the shooter, the other passengers and the independent witness all testified that defendant pulled out a sawed-off shotgun and shot the victim. Viewing the evidence in a neutral light and according deference to the jury's credibility determinations, the verdict was not against the weight of the evidence (*see People v Portee*, 56 AD3d at 949-950).

County Court's *Molineux* ruling was proper. The evidence of uncharged crimes and bad acts was admitted not to show defendant's propensity to commit the charged crimes, but to prove his identity, motive and intent and provide necessary background information (*see People v Giles*, 11 NY3d 495, 499 [2008]; *People v Jeanty*, 268 AD2d 675, 679 [2000], *lv denied* 94 NY2d 949 [2000]). Proof of defendant's involvement with the drug trade was integral to show his relationship to the victim, namely as someone he supplied with drugs to sell on consignment. The victim's failure to repay his debt for those drugs related to defendant's motive to kill the victim. Proof of this motive also made it more likely that it was defendant who killed the victim, rather than the person who defendant testified was the shooter. While murder was the most serious count, defendant was also charged with possessing and selling crack cocaine and possessing weapons, making his position in the drug trade highly relevant. Considering the defense position that defendant was not the shooter and that the debt owed by the victim was too insubstantial to create a motive for defendant to kill him, the *Molineux* evidence fell within recognized exceptions and its probative value to the People's case outweighed its prejudice to defendant (*see People v Westerling*, 48 AD3d 965, 966 [2008]; *People v Williams*, 28 AD3d 1005, 1007-1008 [2006], *lv denied* 7 NY3d 819 [2006]).

County Court did not abuse its discretion in reaching a

*Sandoval* compromise. The court only permitted the People to inquire of defendant regarding approximately half of the items included in their *Sandoval* proffer. Crimes involving theft and dishonesty exhibit defendant's willingness to place his own self-interest above the interests of society, rendering them particularly useful in evaluating credibility (*see People v Walker*, 83 NY2d 455, 461 [1994]; *see also People v Hayes*, 97 NY2d 203, 207 [2002]). Violations of prison disciplinary rules evince a similar refusal to abide by the rules of society, which the court may weigh in determining whether the People may inquire of defendant concerning those violations (*see People v Watkins*, 49 AD3d 908, 909 [2008], *lv denied* 10 NY3d 965 [2008]; *People v Adams*, 39 AD3d 1081, 1082 [2007], *lv denied* 9 NY3d 872 [2007]). The similarity of prior convictions to the charged crimes and the remoteness of those convictions do not necessarily require their exclusion (*see People v Ward*, 27 AD3d 776, 777 [2006], *lv denied* 7 NY3d 764 [2006]; *People v Rockwell*, 18 AD3d 969, 970 [2005], *lv denied* 5 NY3d 768 [2005]). Here, the court weighed the proffered convictions, rule violations and statements to parole authorities. We cannot say that the court abused its discretion in the balance it struck (*see People v Brown*, 52 AD3d 943, 947 [2008], *lv denied* 11 NY3d 735 [2008]; *People v Boodrow*, 42 AD3d 582, 584-585 [2007]), and the court provided limiting instructions regarding the proper purpose of that testimony when those topics were addressed on cross-examination (*see People v Watkins*, 49 AD3d at 909).

Defendant received effective assistance from his counsel. Several of the alleged deficiencies involve matters outside the record, making them unreviewable on appeal and more properly the subject of a CPL article 440 motion (*see People v Sterling*, 57 AD3d 1110, 1113 [2008]; *People v Cruz*, 53 AD3d 986, 986 [2008]). As the state of the law regarding intentional and depraved indifference murder was in flux at the time of defendant's trial and not settled until at least several months later (*see People v Payne*, 3 NY3d 266, 269-272 [2004]), counsel was not ineffective for permitting County Court to charge those counts in the alternative. In any event, defendant was convicted of the intentional murder count so the jury never reached the alternative count. Counsel demanded and participated in several pretrial hearings, vigorously cross-examined the People's witnesses, engaged in a thorough direct examination of defendant and made numerous objections and legal arguments. Under the circumstances, including defendant's acquittal of seven charges and conviction of a lesser included crime on one other count, counsel provided him with meaningful representation (*see People v Madison*, 31 AD3d 974, 975 [2006], *lv denied* 7 NY3d 868 [2006]).

While it was proper for the jury to convict defendant of two counts of criminal possession of a weapon in the third degree (counts six and seven) and one count of criminal possession of a weapon in the second degree (count five) related to the day of the shooting, as those counts were based upon alternative theories and subdivisions, County Court should have imposed concurrent sentences for those counts (*cf. Matter of Johnson v Morgenthau*, 69 NY2d 148, 152 [1987]). Given defendant's criminal history and total lack of remorse, the sentence imposed by County Court is not harsh or excessive. Defendant's remaining arguments, including his challenge to the denial of his suppression motion, are without merit.

Peters, J.P., Spain, Rose and McCarthy, JJ., concur. Ordered that the judgment is modified, on the law, by directing that defendant's sentences for one count of criminal possession of a weapon in the second degree and two counts of criminal possession of a weapon in the third degree under counts five, six and seven of the indictment shall run concurrently with each other, and, as so modified, affirmed.