■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BIRCHARD K. GORRELL, Appellant. [882 NYS2d 324]—Stein, J. Appeal from a judgment of the County Court of Broome County (Cawley, Jr., J), rendered August 20, 2008, convicting defendant upon his plea of guilty of two counts of the crime of robbery in the second degree.

Defendant was indicted on two counts of robbery in the second degree for allegedly accosting a clerk in a hotel, stealing cash and the victim's vehicle. Defendant ultimately pleaded guilty to both counts of the indictment and was sentenced in accordance with a plea agreement to two six-year terms of imprisonment, to run concurrently, and five years of postrelease supervision. Defendant now appeals and we affirm.

Defendant's contentions that his plea was not voluntarily or knowingly entered and that he was denied the effective assistance of counsel are not preserved for our review given his failure to move to withdraw his plea or vacate the judgment of conviction (*see People v Creech*, 56 AD3d 899, 900 [2008]; *People v Sorey*, 55 AD3d 1063, 1064 [2008], *lv denied* 11 NY3d 930 [2009]; *People v Johnson*, 54 AD3d 1133, 1134 [2008]; *People v Barclay*, 1 AD3d 705, 705 [2003], *lv denied* 1 NY3d 567 [2003]). With regard to the plea, "the narrow exception to the preservation rule is inapplicable inasmuch as defendant did not make any statements during his plea allocution which negated an essential element of the crime or otherwise cast significant doubt on his guilt" (*People v Wright*, 40 AD3d 1314, 1314 [2007]).

Even if defendant's arguments were preserved, they are without merit. Defendant's claim that counsel pressured him into pleading guilty to the entire indictment pertains to matters outside the record and is more properly the subject of a CPL article 440 motion (*see People v Cruz*, 53 AD3d 986 [2008]). Nor does the record indicate that defendant's attorney otherwise provided less than meaningful representation (*see People v Caban*, 5 NY3d 143, 152 [2005]; *People v Hutchinson*, 57 AD3d 1013, 1014 [2008]; *People v Madison*, 31 AD3d 974, 975 [2006], *lv denied* 7 NY3d 868 [2006]).

Defendant's contention that the sentence was harsh and excessive is also unavailing. The record reflects that defendant

physically assaulted a 65-year-old woman at her place of employment, forceably taking money and her vehicle in the process. Neither defendant's purported alcohol use nor his expressions of remorse at sentencing qualify as extraordinary circumstances warranting reduction of his sentence (*see People v Elliot*, 57 AD3d 1095, 1097-1098 [2008], *lv denied* 12 NY3d 783 [2009]; *People v Ryan*, 278 AD2d 524 [2000], *lv denied* 96 NY2d 763 [2001]; *People v Hearn*, 248 AD2d 889, 890-891 [1998]). Accordingly, we find that County Court's sentence of six years, which was substantially less than the maximum prison term that defendant could have received (*see* Penal Law § 70.02 [3] [b]), was not an abuse of discretion and, in the absence of extraordinary circumstances warranting its reduction, we decline to disturb it (*see People v Sims*, 57 AD3d 1106, 1109 [2008], *lv denied* 12 NY3d 762 [2009]).

Spain, J.P., Lahtinen, Malone Jr. and Garry, JJ., concur. Ordered that the judgment is affirmed.