■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JIMMY JOE ST. ANDREWS, Appellant. [918 NYS2d 658]—

McCarthy, J.

Defendant was charged with four counts of unlawfully dealing with a child in the first degree, six counts of endangering the welfare of a child and four counts of criminal nuisance in the second degree in connection with several underage drinking parties alleged to have occurred either at his property or in his presence. Defendant's wife was charged with similar crimes and the two were tried jointly. Prior to and during the trial, County Court dismissed several counts, ultimately submitting to the jury, as pertains to defendant, only three counts of endangering

the welfare of a child. The jury convicted him of only one count, relating to a party that occurred on defendant's property on April 20-21, 2008. Defendant, who was sentenced to 60 days in jail and three years of probation, now appeals.

Although the evidence was legally sufficient, the conviction was against the weight of the evidence. A female teenager testified that while she was attending the party on defendant's property, a man she assumed was defendant yelled at her for riding on a child's toy. At the time, she had a beer in her hand. A male teenager testified that defendant was outside the house at one time while several young people were at the party drinking alcohol and that none of the young people made any efforts to conceal their drinking. This evidence was sufficient to show that defendant was aware that several individuals under the age of 17, who were invited onto his property, were consuming alcohol on his property and in his presence and he allowed the situation to continue, thereby endangering their welfare.

On the other hand, a weight of the evidence review requires us to independently assess the evidence and, if a different verdict would not have been unreasonable, weigh the probative force of conflicting testimony and resulting inferences (see *People v Jones*, 59 AD3d 864, 866 [2009]; *People v King*, 265 AD2d 678, 679 [1999], *lv denied* 94 NY2d 904 [2000]). Almost all of the witnesses testified that defendant was not outside on the night of the party. Many witnesses testified that defendant went to bed between 7:00 P.M. and 7:30 P.M. and did not go outside again until he left for work the next morning. The female teenager who rode the child's toy testified that she could not identify the man who yelled at her and that it was "really dark" at the time. This rendered it unlikely that the man—who may or may not have been defendant—could see the beer can in her hand. The male teenager testified that he saw defendant outside playing with his grandchildren at a time when it was still light out. Other evidence contradicted this witness's statement that people were drinking at that time. Even if we accept his testimony, he stated that he and a few other young people were drinking near the fire pit, which was located on defendant's property but at a distance of approximately 100 to 200 feet from defendant's house. There was no proof that defendant went near the fire pit. It is only speculation that defendant would notice beer cans at that distance while he was tending to his two grandchildren, who were both less than five years old. Defendant testified that he did not yell at a female for riding on a child's toy and did not see anyone drinking alcohol on the evening of the party.

The testimony of the two witnesses who placed defendant outside that night did not establish, beyond a reasonable doubt, defendant's knowledge or awareness that underage individuals were drinking alcohol. We recognize that the jury's credibility determinations should not be disturbed unless clearly unsupported by the record (*see People v Jones*, 59 AD3d at 867). Considering the testimony from numerous witnesses that defendant was not present outside on the night of the party, along with the weak and speculative nature of the testimony from the two witnesses who placed him outside, it is our obligation to set aside the verdict as against the weight of the evidence (*see People v O'Neil*, 66 AD3d 1131, 1132-1134 [2009]; *People v Jones*, 59 AD3d at 867).

Rose, Kavanagh and Egan Jr., JJ., concur; Cardona, P.J., not taking part. Ordered that the judgment is reversed, on the facts, and indictment dismissed.