*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  July 21, 2016                    106280
_____

THE PEOPLE OF THE STATE OF
    NEW YORK,
                        Respondent,

        v                                      MEMORANDUM AND ORDER

VIVERTH PEART,
                        Appellant.
_____

Calendar Date:  May 24, 2016

Before:  Lahtinen, J.P., McCarthy, Garry and Mulvey, JJ.

                        _____


        James E. Long, Public Defender, Albany (Theresa M. Suozzi
of counsel), for appellant, and appellant pro se.

        P. David Soares, District Attorney, Albany (Vincent Stark
of counsel), for respondent.

                        _____


Lahtinen, J.P.

        Appeal from a judgment of the Supreme Court (Breslin, J.),
rendered November 1, 2012 in Albany County, upon a verdict
convicting defendant of the crimes of rape in the first degree
(two counts), rape in the third degree (two counts), attempted
criminal sexual act in the first degree, attempted criminal
sexual act in the third degree and endangering the welfare of a
child.

        Defendant allegedly subjected the victim, his stepdaughter,
to sexual touching for several years and forced her to engage in
sexual intercourse with him in September 2011 and November 2011
when she was 16 years old and he was 55 years old.  About a week
after the November 2011 incident, she reported what had occurred

to a family member who contacted police. An investigation ensued and defendant was eventually indicted on two counts of rape in the first degree, two counts of rape in the third degree, attempted criminal sexual act in the first degree, attempted criminal sexual act in the third degree and endangering the welfare of a child. A jury found him guilty of all counts. He was sentenced to consecutive prison terms of 20 years on the two first-degree rape convictions together with various concurrent sentences on the other convictions, as well as postrelease supervision. Defendant appeals.

Initially, defendant contends that his conviction was against the weight of the evidence, pointing to a lack of corroborating physical evidence or other proof supporting the victim's version of events. Since a different verdict would not have been unreasonable, we "must, like the trier of fact below, weigh the relative probative force of conflicting testimony and the relative strength of conflicting inferences that may be drawn from the testimony" (People v Romero, 7 NY3d 633, 643 [2006] [internal quotation marks and citations omitted]; see People v Shofkom, 63 AD3d 1286, 1287 [2009], lv denied 13 NY3d 799 [2009], appeal dismissed 13 NY3d 933 [2010]). In conducting this review, "[g]reat deference is accorded to the fact-finder's opportunity to view the witnesses, hear the testimony and observe demeanor" (People v Bleakley, 69 NY2d 490, 495 [1987]; see People v Scott, 47 AD3d 1016, 1017 [2008], lv denied 10 NY3d 870 [2008]).

The victim testified at length regarding defendant's conduct. She recalled that, when she was in sixth grade, he started touching her thighs, breasts and vagina at various times and places when alone with her. She had a poor relationship with her mother, and her effort to talk to her mother about defendant's conduct was unsuccessful. He encouraged her to have sex before she got much older. In September 2011, she returned home after smoking marihuana with her stepbrother, took a shower and, as she exited the bathroom clothed only in a towel, defendant led her by the wrist to a bedroom. He placed her on a bed and she then felt his penis push against her vagina. This caused her to jump back and she left the room. She testified that, in November 2011, she had sex with her boyfriend for the first time and he then left at about 10:00 p.m. Approximately an

hour later, defendant came into her room, began performing oral sex upon her and then inserted his penis into her vagina.

Videos of police interviews with defendant were shown to the jury. He denied engaging in sexual intercourse with the victim. He claimed that she offered him sex if he bought her a new cell phone and that, after he purchased her a phone, she came into his bedroom wearing only a towel and lied down on his bed. Although he acknowledged picking up her legs and looking at her, he claimed that he then walked away. Bedding from the victim's room obtained via a search warrant revealed blood stains but no seminal fluid. A forensic scientist testified that the samples matched the victim and revealed at least two male donors, but the samples were not sufficient for comparison to a specific male. The veracity of the victim's testimony was a key issue at trial and defendant urged the jury to consider the victim's inconsistencies, her possible motives to lie and the lack of corroborating proof. According due deference to the credibility determinations made by the jury and viewing the evidence in a neutral light, the jury's verdict is supported by the weight of the credible evidence (see People v Fernandez, 106 AD3d 1281, 1285-1286 [2013]; People v Wyre, 97 AD3d 976, 978 [2012], lv denied 19 NY3d 1030 [2012]; People v Stearns, 72 AD3d 1214, 1216 [2010], lv denied 15 NY3d 778 [2010]).

Defendant asserts a violation of Molineux in that the victim was permitted to testify on re-direct that defendant had previously given her marihuana. During cross-examination of the victim, defendant asked her a series of questions attempting to establish a motive for her to lie about defendant, including whether he had disapproved and confronted her about using marihuana. The victim's brief testimony on re-direct that defendant had provided her with marihuana clarified the misleading perception created by defendant's cross-examination (see People v Rojas, 97 NY2d 32, 37-38 [2001]; People v DeCarr, 130 AD3d 1365, 1366-1367 [2015], lv denied, 26 NY3d 1008 [2015]), and Supreme Court interjected an appropriate limiting instruction (see People v Small, 12 NY3d 732, 733 [2009]). Under such circumstances, we are unpersuaded that reversible error resulted from this testimony.

Review of the record reveals that defendant received meaningful representation (see People v Caban, 5 NY3d 143, 152 [2005]) and, thus, his contention in his pro se supplemental brief that he was deprived of the effective assistance of counsel is unavailing. "The failings to which defendant points as suggestive of ineffectiveness have either no merit, were trial tactics which have a legitimate explanation or deal with matters outside the record, which should be pursued in a postverdict motion pursuant to CPL article 440" (People v Brennan, 290 AD2d 574, 576 [2002] [internal citations omitted], lv denied 97 NY2d 751 [2002]; see People v Cruz, 53 AD3d 986, 986 [2008]).

The sentence is not harsh or excessive. "Where, as here, the sentence falls within the permissible statutory range, 'we will not disturb it unless we find that the sentencing court abused its discretion or extraordinary circumstances exist warranting a modification'" (People v Lancaster, 121 AD3d 1301, 1304 [2014], lv denied 24 NY3d 1121 [2015], quoting People v Cruz, 53 AD3d at 986). "The mere fact that a sentence imposed after trial is greater than that offered in connection with plea negotiations is not proof positive that defendant was punished for asserting his right to trial" (People v Beauharnois, 64 AD3d 996, 1001 [2009] [internal quotation marks, brackets and citations omitted], lv denied 13 NY3d 834 [2009]). Supreme Court gave less than the maximum allowable sentence and, although defendant did not have a criminal record, given the nature of the crimes committed against a young person in his trust and care, we find no abuse of discretion or extraordinary circumstances warranting a reduction in the interest of justice (see People v Hughes, 114 AD3d 1021, 1025 [2014], lv denied 23 NY3d 1038 [2014]; People v Warner, 110 AD3d 1339, 1340-1341 [2013], lv denied 22 NY3d 1091 [2014]). The remaining arguments lack merit.

McCarthy, Garry and Mulvey, JJ., concur.

ORDERED that the judgment is affirmed.



ENTER:

Robert D. Mayberger
Clerk of the Court