■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PATRICK WRIGHT, Appellant. [66 NYS3d 66]—

Garry, J.P. Appeal from a judgment of the County Court of St. Lawrence County (Richards, J.), rendered March 28, 2016, upon a verdict convicting defendant of the crimes of criminal sexual act in the third degree (three counts), rape in the third degree, endangering the welfare of a child and unlawfully dealing with a child in the first degree.

In 2013, the 15-year-old victim reported that, two months earlier, defendant—then 30 years old—had sexually assaulted her while the two of them were "hang[ing] out," smoking marihuana and cigarettes and drinking alcohol. Defendant was thereafter charged in a 10-count indictment related to the incident and was convicted on several counts following a jury trial. On appeal, this Court reversed the judgment of conviction on the basis of prosecutorial misconduct during summation, and directed a new trial (133 AD3d 1097 [2015]). In February 2016, defendant was charged in a renumbered indictment with criminal sexual act in the third degree (three counts), rape in the third degree, endangering the welfare of a child and unlawfully dealing with a child in the first degree. Following a second jury trial, defendant was found guilty as

charged and sentenced to an aggregate prison term of 11 years with three years of postrelease supervision. Defendant appeals.

Defendant contends that the verdict is against the weight of the evidence as the victim's testimony, which was the only salient evidence against him, contained various inconsistences and was thus wholly incredible. Where, as here, an acquittal would not have been unreasonable, our weight of the evidence review requires us to view the evidence in a neutral light and "weigh the relative probative force of conflicting testimony and the relative strength of conflicting inferences that may be drawn from the testimony" (*People v Bleakley*, 69 NY2d 490, 495 [1987] [internal quotation marks and citation omitted]; *accord People v Mosley*, 121 AD3d 1169, 1170 [2014], *lv denied* 24 NY3d 1086 [2014]). Reversal may be warranted where the jury has failed to give the evidence the appropriate weight (*see People v Romero*, 7 NY3d 633, 643-644 [2006]; *People v St. Andrews*, 82 AD3d 1356, 1358 [2011]). Testimony may be found incredible as a matter of law where it is "manifestly untrue, physically impossible, contrary to experience, or self-contradictory," and, in such case, it may be "totally disregarded as being without evidentiary value" (*People v Holliman*, 12 AD3d 773, 775 [2004] [internal quotation marks and citation omitted], *lvs denied* 4 NY3d 764, 831 [2005]; *see People v Neil*, 289 AD2d 611, 612 [2001], *lv denied* 97 NY2d 758 [2002]).

The victim testified that, for two years prior to the attack, defendant would invite her to smoke cigarettes and marihuana and consume alcohol with him. On February 2, 2013, defendant sent the victim a text message inviting her to join him at his mother's house, located in the immediate vicinity of the victim's home and visible from her bedroom window. Just before 11:00 p.m., after waiting for defendant's brother to leave for his evening shift at work, the victim snuck out of her home and met defendant there. She knocked at the back door and defendant let her in and gave her a cigarette. The victim and defendant were alone in the house, as the other residents had left to travel. The victim consistently testified that, over the course of the evening, defendant made her four mixed drinks using a bottle labeled "vodka," and that, outside of her presence in his mother's bedroom, he added to each drink an ingredient that made it red in color and which tasted like cherry or raspberry. She and defendant also smoked "6 bowls" of marihuana using a glass bowl; her prior statement to investigators that defendant had also told her that he had a corncob pipe did not contradict this testimony. The testimony of defendant's brother that the house did not smell of marihuana or cig-

arette smoke when he returned more than four hours after the incident presented a credibility issue for the jury to resolve (*see People v Boyce*, 2 AD3d 984, 986 [2003], *lv denied* 2 NY3d 796 [2004]).

In describing the attack, the victim testified that, after smoking marihuana and before finishing her fourth drink, she could not feel her legs and told defendant that she felt "numb." Defendant then moved to where the victim was sitting and attempted to kiss her. When she refused, defendant took control of her hands and pulled down her pants. Defendant then forced the victim to perform oral sex on him and subjected her to oral sex, digital penetration of her vagina and sexual intercourse. The victim testified that defendant subjected her to sexual intercourse for a prolonged period, lasting from 60 to 80 minutes. Thereafter, defendant pried open the victim's mouth and ejaculated into it, prompting her to vomit. He threatened the victim that, if she told anyone about the attack, he would "kill her and whoever [she] told." The victim further recalled that defendant pulled out some of her hair, but acknowledged that she had not disclosed this detail to investigators. She stated that the attack ended around 3:00 a.m., and she immediately collected her clothes and ran naked from the house to her family's garage. The testimony of defendant's grandmother, with whom he lived at the time, confirmed that on the night in question defendant went to his mother's home and did not return to the grandmother's home until 4:00 a.m. Defendant did not testify.

Contrary to defendant's contentions, the victim's delay in reporting the incident and her initial, but corrected, mistake about its date,* her estimation as to the duration of the attack and other alleged minor inconsistencies did not render her testimony incredible as a matter of law (*see People v Hadfield*, 119 AD3d 1217, 1220 [2014], *lv denied* 25 NY3d 989 [2015]; *People v Fernandez*, 106 AD3d 1281, 1285 [2013]; *People v Shofkom*, 63 AD3d 1286, 1287 [2009], *lv denied* 13 NY3d 799 [2009], *appeal dismissed* 13 NY3d 933 [2010]). These issues were fully explored in a lengthy cross-examination, and the jury was entitled to credit the victim's testimony (*see People v VanDeusen*, 129 AD3d 1325, 1326 [2015], *lv denied* 26 NY3d 972 [2015]; *People v Santiago*, 118 AD3d 1163, 1165 [2014], *lv denied* 24 NY3d 964 [2014]). We find the victim's testimony to

---

* During the victim's interview with investigators, she mistakenly stated that the incident had occurred on February 1, 2013, rather than February 2, 2013. The victim contacted the investigator within a few days to correct her mistake.

have been sufficiently consistent as to the material elements of the crimes upon which defendant was convicted, and note that the verdict need not be supported by physical evidence. Accordingly, upon our review of the record and deferring to the jury's credibility determinations (*see People v Bleakley*, 69 NY2d at 495), we do not find that the verdict was against the weight of the evidence (*see People v Thornton*, 141 AD3d 936, 938 [2016], *lv denied* 28 NY3d 1151 [2017]; *People v Knapp*, 138 AD3d 1157, 1158 [2016]; *People v Thiel*, 134 AD3d 1237, 1239-1240 [2015], *lv denied* 27 NY3d 1156 [2016]; *People v Warner*, 69 AD3d 1052, 1053-1054 [2010], *lv denied* 14 NY3d 894 [2010]).

Finally, we do not find that defendant's sentence, which was well within the applicable permissible statutory guidelines, was harsh or excessive. Considering defendant's grooming of the victim and the abuse of her trust, as well as his lack of remorse and failure to accept responsibility, we discern no abuse of discretion or extraordinary circumstances to warrant a modification of the sentence in the interests of justice (*see People v St. Ives*, 145 AD3d 1185, 1188 [2016], *lv denied* 29 NY3d 1036 [2017]; *People v Peart*, 141 AD3d 939, 942 [2016], *lv denied* 28 NY3d 1074 [2016]; *People v Kamp*, 129 AD3d 1339, 1341 [2015], *lv denied* 26 NY3d 969 [2015]).

Egan Jr., Rose, Mulvey and Rumsey, JJ., concur. Ordered that the judgment is affirmed.