People v Secor (2018 NY Slip Op 04793)





People v Secor


2018 NY Slip Op 04793


Decided on June 28, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: June 28, 2018

108780

[*1]THE PEOPLE OF THE STATE OF NEW YORK, Respondent,
v
DAVID SECOR, Appellant.

Calendar Date: April 27, 2018

Before: McCarthy, J.P., Egan Jr., Devine, Mulvey and Rumsey, JJ.


Paul J. Connolly, Delmar, for appellant.
P. David Soares, District Attorney, Albany (Michael C. Wetmore of counsel), for respondent.


Devine, J.

MEMORANDUM AND ORDER
Appeal from a judgment of the Supreme Court (McDonough, J.), rendered September 2, 2016 in Albany County, upon a verdict convicting defendant of the crime of rape in the third degree.
Defendant, who was 26 years old, allegedly had sexual intercourse with a 16-year-old girl in October 2015. He was indicted on one count of rape in the third degree and, following a jury trial, was found guilty as charged. Supreme Court sentenced defendant, a second felony offender, to a prison term of two years to be followed by postrelease supervision of 12 years. Defendant now appeals.
We affirm. Defendant's general motion to dismiss at the close of proof did not preserve his present challenge to the legal sufficiency of the evidence (see People v Hawkins, 11 NY3d 484, 492 [2008]; People v Cruz, 152 AD3d 822, 823 [2017], lv denied 30 NY3d 1018 [2017]). Nevertheless, whether the elements of the offense were proven beyond a reasonable doubt will be evaluated in the context of reviewing defendant's contention that the verdict is against the weight of the evidence (see People v Miller, 160 AD3d 1040, 1041 [2018]; People v Young, 152 AD3d 981, 981 [2017], lv denied 30 NY3d 955 [2017]). The People were obliged to show here that defendant, "[b]eing [21] years old or more, . . . engage[d] in sexual intercourse with another person less than [17] years old" (Penal Law § 130.25 [2]; see Penal Law § 130.00 [1]).
In that regard, the ages of defendant and the victim were established at trial. The victim testified as to how she was friendly with defendant and had spent time with him on a few occasions. She further related how, on the day of the incident, she asked defendant to pick her up after school and the two ended up in a secluded parking lot. They then moved to the back seat of the car, where they partially disrobed, defendant rolled on a condom, the victim mounted him and they had sex for several minutes. The victim's testimony was largely confirmed by that of a police officer who interrupted the couple while conducting a property check and observed the victim, her dress hiked up, straddling a half-nude defendant in the back seat of the vehicle. A used condom was also in plain view and, while no seminal fluid or sperm was found on it, genetic material was recovered that DNA testing matched to the victim and a male. Defendant and those in his paternal line could not be excluded as the source of the male DNA, a state of affairs true for only one out of every 1,786 men.
Defendant noted the absence of seminal fluid or sperm on the condom and argued that the victim was lying about the penetration needed for sexual intercourse (see Penal Law § 130.00 [1]). The jury nevertheless credited the victim's testimony, which was corroborated in important points by other evidence and was not, contrary to defendant's suggestion, incredible as a matter of law (see People v Wright, 155 AD3d 1452, 1454 [2017], lv denied 30 NY3d 1121 [2018]; People v Blond, 96 AD3d 1149, 1152 [2012], lv denied 19 NY3d 1101 [2012]). To the extent that a different verdict was a reasonable possibility, "[a]fter reviewing the proof in the record and finding no reason to disregard the jury's credibility determinations, we are unpersuaded that the verdict was against the weight of the evidence" (People v Tubbs, 115 AD3d 1009, 1010 [2014]; see People v Romero, 7 NY3d 633, 643 [2006]; People v Peart, 141 AD3d 939, 941 [2016], lv denied 28 NY3d 1074 [2016]).
Defendant next alleges the existence of unspecified defects in the grand jury proceeding. Inasmuch as the verdict was not against the weight of the evidence, it "was necessarily founded upon legally sufficient evidence," and, as a result, "defendant's challenges to the grand jury proceeding are precluded to the extent they involve the sufficiency of the evidence presented or the instructions given to the grand jury" (People v Gaston, 147 AD3d 1219, 1223 n 2 [2017]; see CPL 210.30 [6]; People v Robinson, 156 AD3d 1123, 1128 n 8 [2017], lv denied 30 NY3d 1119 [2018]). Our review of the grand jury minutes does not reveal any other flaw in the proceeding that would "warrant the exceptional remedy of reversal" (People v Robinson, 156 AD3d at 1128 n 8; see People v Wisdom, 23 NY3d 970, 972 [2014]).
Lastly, defendant was sentenced to the minimum prison term permitted for an individual in his position (see Penal Law § 70.80 [1] [c]; [5] [b] [iv]), and we cannot say that the term of postrelease supervision imposed was in any way harsh or excessive.
McCarthy, J.P., Egan Jr., Mulvey and Rumsey, JJ., concur.
ORDERED that the judgment is affirmed.