People v Lewis (2021 NY Slip Op 06490)





People v Lewis


2021 NY Slip Op 06490


Decided on November 19, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 19, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., LINDLEY, TROUTMAN, BANNISTER, AND DEJOSEPH, JJ.


797 KA 19-00669

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
LASHAWN LEWIS, DEFENDANT-APPELLANT. 






THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (ERIN A. KULESUS OF COUNSEL), FOR DEFENDANT-APPELLANT. 
JOHN J. FLYNN, DISTRICT ATTORNEY, BUFFALO (DAVID A. HERATY OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Supreme Court, Erie County (Christopher J. Burns, J.), rendered November 8, 2018. The judgment convicted defendant upon a jury verdict of murder in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting her upon a jury verdict of murder in the second degree (Penal Law § 125.25 [1]). We reject the contention of defendant in her main and pro se supplemental briefs that she was denied her state constitutional due process rights based upon the 12-year preindictment delay in this case (see generally People v Singer, 44 NY2d 241, 253 [1978]). In determining that the People met their burden of establishing good cause for the delay in prosecuting defendant (see generally People v Decker, 13 NY3d 12, 14 [2009]; Singer, 44 NY2d at 254), Supreme Court properly applied the factors set forth in People v Taranovich (37 NY2d 442 [1975]), i.e., "(1) the extent of the delay; (2) the reason for the delay; (3) the nature of the underlying charge; (4) whether or not there has been an extended period of pretrial incarceration; and (5) whether or not there is any indication that the defense has been impaired by reason of the delay" (id. at 445). Although the length of the delay in this case weighs in defendant's favor, "it is well established that the extent of the delay, standing alone, is not sufficient to warrant a reversal" (People v McFadden, 148 AD3d 1769, 1771 [4th Dept 2017], lv denied 29 NY3d 1093 [2017]; see People v Chatt, 77 AD3d 1285, 1285 [4th Dept 2010], lv denied 17 NY3d 793 [2011]). Here, the People established at the Singer hearing that the District Attorney's Office brought charges after prosecutors uncovered a statement made by a crucial witness informing the police that defendant admitted committing the crime. The delay was in no part caused by any bad faith on the part of the People but, rather, was attributable to the mishandling of the witness's statement by the police department. Under these circumstances, we conclude that the People provided an " 'acceptable excuse or justification' for the delay" (McFadden, 148 AD3d at 1771; see People v Gaston, 104 AD3d 1206, 1206 [4th Dept 2013], lv denied 22 NY3d 1156 [2014]). Furthermore, it is undisputed that the underlying charge is a serious offense and that defendant was not incarcerated during the delay, and "there is no indication that the defense was significantly impaired by the delay" (Decker, 13 NY3d at 15; see People v Rogers, 103 AD3d 1150, 1151 [4th Dept 2013], lv denied 21 NY3d 946 [2013]).
Defendant further contends in her main brief that the court erred in refusing to suppress statements that she made to the police in 2017 and certain evidence obtained thereafter on the ground that such statements and other evidence were obtained in violation of her indelible right to counsel. We reject that contention. Initially, as the People correctly concede, defendant's indelible right to counsel attached in 2005 when an attorney appeared in the case on defendant's behalf (see generally People v Grice, 100 NY2d 318, 321 [2003]). "The mere passage of time is insufficient to eradicate the attorney-client relationship" (People v Felder, 301 AD2d 458, 459 [1st Dept 2003]), and it was the burden of the police "to determine whether the attorney-client [*2]relationship had terminated" when they spoke to defendant in 2017 (People v West, 81 NY2d 370, 380 [1993]). Here, the People established at the Huntley hearing that the police met that burden inasmuch as the attorney who appeared in the case in 2005 told the District Attorney's Office and a homicide detective that he was no longer representing defendant, and defendant informed the police prior to making the statements in question that she was not represented by counsel (see People v Thorsen, 20 AD3d 595, 597 [3d Dept 2005], lv denied 5 NY3d 810 [2005], reconsideration denied 5 NY3d 857 [2005]; cf. Felder, 301 AD2d at 459).
Contrary to defendant's additional contention in her main brief, we conclude that the court did not abuse its discretion in denying her request for a Frye hearing on the admissibility of the testimony of a blood spatter analysis expert (see People v Barnes, 267 AD2d 1020, 1021 [4th Dept 1999], lv denied 95 NY2d 832 [2000]).
Viewing the evidence in light of the elements of the crime as charged to the jury (see People v Danielson, 9 NY3d 342, 349 [2007]), we conclude, contrary to defendant's contention in her main and pro se supplemental briefs, that the verdict is not against the weight of the evidence (see generally People v Bleakley, 69 NY2d 490, 495 [1987]). We further conclude, contrary to defendant's contention in her main brief, that defendant's sentence is not unduly harsh or severe.
We have considered the remaining contentions in defendant's main and pro se supplemental briefs and conclude that they are either
unpreserved or without merit.
Entered: November 19, 2021
Ann Dillon Flynn
Clerk of the Court