■ Matilda Castro et al., Appellants, v Alden Leeds, Inc., et al., Defendants, and Third-Party Plaintiffs-Respondents. Sunbeam Plastics Corp. et al., Third-Party Defendants-Re-

spondents.—In an action to recover damages for personal injuries, etc., the plaintiffs appeal (1) from a judgment of the Supreme Court, Rockland County (Weiner, J.), dated August 8, 1986 which, upon a jury verdict, is in favor of the defendant Westrock Industries, Inc. and against them, and (2) from a judgment of the same court, dated October 21, 1986 which, upon a jury verdict, is in favor of the defendant Alden Leeds, Inc. and against them.

Ordered that the judgment dated August 8, 1986, is affirmed, without costs or disbursements; and it is further,

Ordered that the judgment dated October 21, 1986, is reversed, on the law, without costs or disbursements, and a new trial is granted to the plaintiff against the defendant Alden Leeds, Inc. and on the third-party complaint of that defendant.

On March 23, 1982, the plaintiffs Mildred Castro and her son Steven were injured when a 40-pound canister of pool chemicals exploded. Mrs. Castro received cuts and burns and lost several fingers in the explosion; both she and her son suffered eye injuries. The explosion occurred when Mrs. Castro allowed the canister she was carrying to drop 3 or 4 inches to the ground. An investigation revealed that moisture had entered the canister and combined with the chlorine tablets inside to form a volatile gas. The drop caused the gas to explode.

The jury properly found the defendant Westrock Industries, Inc., was not liable to the plaintiff. There was conflicting testimony regarding the year it first became aware of the potential danger posed by the chemicals, and the jury exercised its fact-finding power in determining that Westrock had no notice of the danger until after the plaintiffs' accident (see, Schuster v Town of Hempstead, 130 AD2d 481, 483; Nicastro v Park, 113 AD2d 129, 133).

The liability of the defendant Alden Leeds, Inc. (hereinafter Leeds) is not so easily resolved. The Monsanto Industrial Chemicals Company (hereinafter Monsanto) had produced the chemical and sold it to Leeds. It had provided Leeds with a 300-page looseleaf book that described the chemical's characteristics. The plaintiffs had served a subpoena duces tecum on Mark Daniel Epstein, a vice-president of Leeds, ordering him to produce the Monsanto book for trial. Mr. Epstein delivered the book, but after doing so he immediately left the trial court's jurisdiction. The trial court refused to issue an order compelling Mr. Epstein to appear and refused to permit the

Monsanto book to be introduced in evidence, holding that it was hearsay.

A corporation which is served with a subpoena duces tecum may comply with it by producing the requested material and by providing someone who can identify it and testify about its origin, purpose, and custody (CPLR 2305 [b]; *Matter of Standard Fruit & S. S. Co. v Waterfront Commn.*, 43 NY2d 11, 16). Leeds failed to comply with the plain language of the statute and the trial court erred in failing to compel Mr. Epstein to appear. A new trial must be granted against Leeds, since the Monsanto book contained critical information about the notice Leeds had of the potential hazard posed by the chemical.

In view of the fact that we are ordering a new trial as against Leeds, there are two other errors which must be addressed. The first occurred when the trial court permitted the introduction of certain hospital records in which Mrs. Castro was reported to have said that the explosion occurred after she pulled the canister out of the pool. Ordinarily such a statement can be introduced as an admission, but the nurse who recorded it could not say with certainty whether it came from Mrs. Castro or one of several other individuals who were present in the emergency room during her treatment. Since the origin of the statement is unclear, the proponent of the admission of the hospital records into evidence failed to establish that they contained an admission by Mrs. Castro, and they should not have been received in evidence *(see, Gunn v City of New York,* 104 AD2d 848, 849-850; *Mikel v Flatbush Gen. Hosp.,* 49 AD2d 581, 582).

Finally, it appears that the verdict sheet unfairly implied that the plaintiffs were negligent. Of the 31 questions on the verdict sheet 14 asked if the plaintiffs had been negligent. In fact, there was virtually no evidence to suggest that the plaintiffs were remiss in their use of the defendants' product. The verdict sheet's suggestiveness could have been alleviated, and its length shortened, if the questions concerning the plaintiffs' negligence were asked after the determination of the defendants' culpability.

We have considered the plaintiffs' contentions regarding the trial court's jury charge and find them to be without merit. Thompson, J. P., Kunzeman, Eiber and Sullivan, JJ., concur.