■ FRANCISCO MERCEDES, an Infant, by His Mother and Natural Guardian, ANGELA C. MERCEDES, et al., Respondents, v AMUSEMENTS OF AMERICA, Appellant.—Order, Supreme Court, Bronx County (Philip Modesto, J.), entered on or about April 27, 1989, which granted plaintiffs' motion for an order setting aside the verdict and directing a new trial, unanimously affirmed, without costs and without disbursements.

Appeal from decision of the same court and Justice dated April 7, 1989 dismissed as nonappealable.

In this personal injury action plaintiffs Luis Hernandez, an adult, and Francisco Mercedes, two years old at the time of the accident, were injured while riding an amusement ride known as "Sizzler" at a parking lot carnival. Plaintiffs' theory was that Mr. Hernandez and Francisco were thrown from the car while it was in motion because the ride's operator had not properly locked the safety bar. The theory of the defendant, which owned and operated the ride, was that Mr. Hernandez had unlocked the safety bar himself and had climbed out of the car as it was slowing down but before it had stopped. The defendant offers no explanation for the injuries suffered by the infant, the severity of which the defendant disputes.

Without objection, the defendant was allowed to elicit testimony from Mr. Hernandez that he had consumed wine earlier in the evening, and also introduced in evidence an ambulance report to the effect that Mr. Hernandez had alcohol on his breath when he was taken to the hospital. Plaintiffs, however, vigorously contested admission of the history portion of a hospital record indicating that the injury had occurred while Mr. Hernandez was intoxicated. Admission of this document without redaction of the language referring to the alleged intoxication was error. Although evidence that Mr. Hernandez had been intoxicated may be relevant to diagnosis and treatment of his injuries, the statement was not admissible under the business record exception to the hearsay rule because there was no indication as to the source of the information. There is not even a hint in the entry itself that Mr. Hernandez made the statement. Nor was any physician or nurse called to testify that he did. In such circumstances, the history portion of the hospital record should not have been admitted. (See, Castro v Alden Leeds, Inc., 144 AD2d 613, 615.)

We do not agree with the defendant that the erroneous admission of this information in evidence is subject to the harmless error analysis that this court articulated, but did not apply, in Cotter v Mercedes-Benz Manhattan (108 AD2d 173, 180). That analysis does not apply since this was a close case in which the jury's assessment of the credibility of the witnesses was crucial. (See, e.g., Cohn v Meyers, 125 AD2d 524, 529.) While it is true, as the defendant argues, that the court instructed the jury to consider the issue of intoxication only in the context of the comparative negligence issue, that the court instructed the jury to reach the issue of comparative negligence only if it found the defendant negligent, and that the

special verdict sheet indicated that the jury did not find the defendant negligent, nonetheless, it is also fair to note that the argument that Mr. Hernandez was intoxicated constituted a significant theme in defense counsel's summation. Indeed, the entire thrust of the defendant's case was that the accident was caused by an intoxicated Mr. Hernandez. In light of this, we view the erroneous admission of the "while intoxicated" language as a fundamental error that denied plaintiffs a fair trial. Accordingly, the IAS court properly set aside the verdict and ordered a new trial. Concur—Kupferman, J. P., Sullivan, Ross, Carro and Kassal, JJ.