■ CHRISTOPHER D. VETERE, Appellant, v CAROLYN J. GARCIA, Respondent. [621 NYS2d 362] —In an action to recover damages for personal injuries, the plaintiff appeals from a judgment of the Supreme Court, Westchester County (Wood, J.), entered November 18, 1992, which, upon a jury verdict, is in favor of the defendant and against him, dismissing the complaint.

Ordered that the judgment is reversed, on the law and in the exercise of discretion, and a new trial is granted, with costs to abide the event.

This action arose from the collision of the parties' vehicles as they were traveling in opposite directions on Lake South Drive, a winding, 22½-foot wide two-lane roadway bereft of any lane markings, located in the Town of Putnam Valley. As the defendant's vehicle was traveling southbound, heading toward a crest in the roadway, the plaintiff's vehicle was traveling northbound along a straightaway, and ultimately came over the crest. The collision occurred as the defendant approached the crest. At that point in the road, the maximum speed limit is 30 miles per hour.

At the trial, the parties both testified, *inter alia,* that their vehicles were fully within their respective "lanes" at the point of collision. There was conflicting testimony as to the speed of the plaintiff's vehicle at the point of impact. More particularly, the plaintiff's witnesses, including his expert, testified that he was traveling at or less than 32 miles per hour, while the defendant's expert, Joseph Champagne, concluded that the plaintiff was traveling between 52 and 60 miles per hour when the vehicles collided. Both experts concluded that the point of impact had occurred when the defendant's vehicle was approximately three feet to the left of the center of the roadway. Champagne was permitted to testify, *inter alia,* that in the

event any vehicles were parked adjacent to or partially on the southbound roadway in the immediate vicinity of the crest, the "operational center" of the roadway would have, in effect, "shift[ed]" away from any such obstruction, approximately three feet to the defendant's left, into what would normally be the lane for vehicles traveling in the opposite direction.

Over the plaintiff's objection, the court permitted the defendant to submit, as evidence-in-chief of the plaintiff's physical state on the night of the accident, certain redacted portions of hospital records, wherein the plaintiff had indicated to medical personnel, *inter alia,* that he had consumed marihuana and hashish on the night in question, and that he had a history of marihuana and alcohol usage. Subsequently, the court submitted an "intoxication" charge to the jury, again over the plaintiff's objection *(see,* PJI 2:20 [1995 Supp]).

We agree that a new trial is warranted under the circumstances. It was error for the court to permit Champagne to testify as to the purported "shift" in the "operational center" of the roadway three feet to the left of the defendant's vehicle. Since there was no evidence that there were any vehicles or other obstructions immediately to the right of the defendant's vehicle in the vicinity of the crest, there was an inadequate foundation for such expert testimony *(see, Hambsch v New York City Tr. Auth.,* 63 NY2d 723, 725). Also, Champagne's testimony in this vein was inconsistent with certain provisions of the Vehicle and Traffic Law applicable to the circumstances herein *(see, e.g.,* Vehicle and Traffic Law § 1120 [a] [3]; §§ 1121, 1125 [a] [1]).

Moreover, assuming that there was a sufficient basis to admit the redacted hospital records as evidence of the plaintiff's condition at the time of the accident *(see, Williams v Alexander,* 309 NY 283; *Campbell v Manhattan & Bronx Surface Tr. Operating Auth.,* 81 AD2d 529; *see also, Mercedes v Amusements of Am.,* 160 AD2d 630, 631; *Castro v Alden Leeds, Inc.,* 144 AD2d 613, 615; *see generally,* Richardson, Evidence § 302 [Prince 10th ed]; *cf., Grcic v City of New York,* 139 AD2d 621; *Del Toro v Carroll,* 33 AD2d 160), it was error for the trial court to have submitted an "intoxication" charge to the jury, inasmuch as there was insufficient evidence elicited at the trial with respect to the plaintiff's condition at the time of or immediately after the accident to establish that such an instruction was warranted *(see, Arroyo v City of New York,* 171 AD2d 541, 542-543; *Grcic v City of New York, supra).*

In light of the foregoing conclusions, we need not address

any of the plaintiff's other contentions regarding purported errors that occurred at the trial. Mangano, P. J., Balletta, O'Brien and Hart, JJ., concur.