■ LORI GINSBERG, an Infant, by Her Mother and Natural Guardian, NANCY GINSBERG, Appellant, v NORTH SHORE HOSPITAL et al., Respondents. [624 NYS2d 257] —In an action to recover damages for medical malpractice, the plaintiff appeals from a judgment of the Supreme Court, Suffolk County (Floyd, J.), entered May 14, 1992, which, upon a jury verdict, is in favor of the defendants and against her dismissing the complaint.

Ordered that the judgment is affirmed, with one bill of costs to the respondents appearing separately and filing separate briefs.

The plaintiff contends, among other things, that the trial court improperly redacted certain portions of records from institutions in which she had been a patient, by removing mention of the diagnosis from those documents. We disagree. While it is true that, ordinarily, physicians' office records or hospital records are admissible to the extent that they are germane to diagnosis and treatment, including medical opinions *(see, Williams v Alexander,* 309 NY 283, 287; *Wilson v Bodian,* 130 AD2d 221, 231; CPLR 4518 [a]), where the source of the information on the hospital or doctor's record is unknown, the record is inadmissible *(see, Mercedes v Amusements of Am.,* 160 AD2d 630, 631; *Wilson v Bodian, supra; Gunn v City of New York,* 104 AD2d 848, 849; *see generally, Matter of Leon RR,* 48 NY2d 117, 122-123). Here, the references to the diagnoses appear to have come from other unknown charts or records, and may have been part of the history relayed by the plaintiff herself or her counsel. As such, the trial court properly redacted these references.

The plaintiff also contends that she was prejudiced because one such document, which was in evidence, was redacted after her counsel had already read the diagnosis to the jury during summation, and then, when the jury asked to see the document, it no longer contained that portion which the plaintiff's counsel had read to them. However, the prejudice to the plaintiff was of her own making. The plaintiff had entered into evidence, at one time, numerous documents, including the documents containing the material which was ultimately redacted. The parties stipulated that the defense need not go

through each document at that time, but would be given an opportunity to object to any part of any document "if that part is to be read in the presence of the jury". However, during summation, the plaintiff's counsel never gave the defense the opportunity to object prior to reading the portion of the document in question to the jury. Thus, the plaintiff violated the stipulation and should not be allowed to benefit from that violation by having the objectionable material left unredacted merely because it had already, and improperly, been read to the jury.

Furthermore, the plaintiff's contention that the defense waived their objection to the reading of this material in summation is unpersuasive. During summation, the plaintiff expressly stipulated that the defense could make their objections to the plaintiff's summation after the summation was finished, without waiving any right to object. Thus, by stipulation, the defendants did not waive their right to object by not objecting at the time the statement was read.

We have examined the plaintiff's remaining contentions and find them to be without merit, unpreserved for appellate review, or, to the extent that any error did occur, it was harmless. Rosenblatt, J. P., Lawrence, Altman and Hart, JJ., concur.