of payment allowing Burnham three years to complete the purchase of petitioners' shares (*see, Matter of Penepent Corp., supra,* at 783; *see generally,* Business Corporation Law § 1118 [a]).

With respect to Burnham's remaining contention, we conclude that the court properly dismissed the counterclaim. (Appeal from Amended Judgment of Supreme Court, Monroe County, Lunn, J.—Business Corporation Law.) Present—Pine, J. P., Wisner, Hurlbutt and Balio, JJ.

■ MATT W. MACMILLAN, as Parent and Natural Guardian of BRITTANY N. MACMILLAN, an Infant, Appellant, v JAMES KAVANAUGH et al., Respondents. (Appeal No. 1.) [701 NYS2d 198] —Order unanimously affirmed without costs. Memorandum: Supreme Court properly granted the pretrial motion of defendants James Kavanaugh and Mary Kavanaugh seeking preclusion of testimony by plaintiff's expert concerning the possible future impairment of the ability of plaintiff's daughter to bear children due to a deformity in her pelvic ring. It was undisputed that future medical monitoring is necessary to determine the clinical significance of that deformity (*see, Askey v Occidental Chem. Corp.,* 102 AD2d 130, 136-137). "The threat of future harm, not yet realized, is not enough" (Prosser and Keeton, Torts § 30, at 165 [5th ed]). We reject the contention that the order granting the motion is not appealable (*see,* CPLR 5701 [a] [2] [v]; *see also, Brown v State of New York,* 250 AD2d 314, 320-321). (Appeal from Order of Supreme Court, Erie County, Burns, J.—Discovery.) Present—Pine, J. P., Wisner, Hurlbutt and Balio, JJ.

■ MATT W. MACMILLAN, as Parent and Natural Guardian of BRITTANY N. MACMILLAN, an Infant, Appellant, v JAMES KAVANAUGH et al., Respondents. (Appeal No. 2.) [700 NYS2d 901] —Appeal unanimously dismissed without costs (*see, Empire Ins. Co. v Food City,* 167 AD2d 983, 984). (Appeal from Order of Supreme Court, Erie County, Burns, J.—Reargument.) Present—Pine, J. P., Wisner, Hurlbutt and Balio, JJ.

■ MARGARET B. LEVERTON et al., Respondents, v PETERS GROCERIES, INC., Appellant. [700 NYS2d 316] —Order unanimously reversed on the law without costs, motion granted and complaint dismissed. Memorandum: Plaintiffs commenced this negligence action to recover damages for injuries sustained by plaintiff Margaret B. Leverton when she tripped and fell over a flange anchoring a handrail extending from the exit door of defendant's grocery store. Supreme Court erred in denying defendant's motion for summary judgment dismissing the com-