■ WALL STREET ASSOCIATES, Respondent, v EDWARD BRODSKY et al., Defendants, and BRUCE A. RICH et al., Appellants. [744 NYS2d 378] —Order, Supreme Court, New York County (Edward Lehner, J.), entered July 23, 2001, which, in an action for legal malpractice against members of a now defunct firm, insofar as appealed from, denied the joint motion in limine of certain defendants seeking to preclude the reading at trial of certain deposition testimony of plaintiff's principal as barred by the Dead Man's Statute, and granted plaintiff's cross motion for a ruling that such testimony is not barred by the Dead Man's Statute, unanimously modified, on the law and the facts, to grant defendants' motion and deny plaintiff's cross motion, and otherwise affirmed, without costs.

The deposition testimony was given by plaintiff's principal and described the allegedly negligent advice given by one of defendants, who died shortly after this deposition before his own deposition was taken. Since this deposition testimony may be central to the resolution of the action, the IAS court's ruling that it is not precluded by the Dead Man's Statute "affects a substantial right" of defendants, and, accordingly, is appeal-

able (CPLR 5701 [a] [2] [v]; *cf., MacMillan v Kavanaugh,* 267 AD2d 1014).

All sides appear to acknowledge, at least for present purposes, that plaintiff's principal is precluded by the Dead Man's Statute (CPLR 4519) from testifying at trial as to his conversations with the deceased defendant. Although the protections afforded by the Dead Man's Statute cannot be waived during disclosure proceedings, such as the taking of a deposition of an interested witness (*Phillips v Kantor & Co.,* 31 NY2d 307, 313-314), the IAS court nevertheless held, citing *Siegel v Waldbaum* (59 AD2d 555 [2d Dept 1977]), that plaintiff's principal's deposition was "former testimony," and thus not precluded by the Dead Man's Statute. However, "[w]here Rule 4519 renders a witness incompetent (and the witness's testimony inadmissible), the fact that the testimony would fall within an exception to the hearsay rule is simply irrelevant" (*Rosenfeld v Basquiat,* 78 F3d 84, 89 [2d Cir 1996]). "Since the purpose of CPLR 4519 is adversarial balance," deposition testimony should be held inadmissible under the Dead Man's Statute where, as here, the deceased never had his own deposition taken on the relevant matter (*see,* Alexander, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C4519:5, at 179). We note that the procedural posture here involves a motion in limine, and " '[i]t is always possible that the incompetency will be waived at the trial, or the door opened, by design, or by inadvertence' " (*Phillips, supra* at 314). Concur—Tom, J.P., Buckley, Ellerin, Rubin and Gonzalez, JJ.