■ Sam Field, Respondent, v Rubin Schultz et al., Appellants. [764 NYS2d 473] —In an action, inter alia, to recover damages for conversion and breach of fiduciary duties, the defendant Rubin Schultz appeals, as limited by the brief, from so much of a judgment of the Supreme Court, Queens County (O'Donoghue, J.), dated March 21, 2002, as, upon a jury verdict, is in favor of the plaintiff and against him in the principal sum of $90,000, the defendant Gary Schultz appeals, as limited by

the brief, from so much of the same judgment as is in favor of the plaintiff and against him in the principal sum of $100,000, and the defendant Jeanne Schultz appeals, as limited by the brief, from so much of the same judgment as is in favor of the plaintiff and against her in the principal sum of $100,000.

Ordered that the judgment is modified by deleting the provisions thereof awarding damages in favor of the plaintiff and against the defendant Gary Schultz in the principal sum of $100,000 and awarding damages in favor of the plaintiff and against the defendant Jeanne Schultz in the principal sum of $100,000; as so modified, the judgment is affirmed, with one bill of costs payable by the appellants to the respondent, and the matter is remitted to the Supreme Court, Queens County, for the entry of an amended judgment in accordance herewith; the findings of fact are affirmed.

The plaintiff's decedent, Sam Moneta (hereinafter the decedent), commenced this action, inter alia, to recover money allegedly converted by the defendants Rubin Schultz, the decedent's accountant, and Gary Schultz, the decedent's attorney, who are respectively father and son, and Gary Schultz's spouse, Jeanne Schultz. The defendants asserted that the decedent gave them money as gifts. In a prior appeal by the defendants, this Court found that a triable issue of fact existed as to whether the subject transactions were loans or gifts (*see Ptasznik v Schultz,* 223 AD2d 695 [1996]). Thereafter, following a jury verdict in favor of the plaintiff, this Court reversed the judgment and remitted the matter to the Supreme Court, Queens County, for a new trial, because of an evidentiary error (*see Ptasznik v Schultz,* 247 AD2d 197 [1998]). At the retrial of this matter, the Supreme Court precluded the defendants from introducing into evidence, inter alia, two of the decedent's wills and his affidavit dated October 12, 1993. According to the defendants, the items were relevant to show that the decedent considered the transactions to be gifts, and not loans. The jury returned a verdict in favor of the plaintiff, finding that the decedent had loaned the money to the defendants.

Contrary to the defendants' contention, the decedent's wills and his affidavit dated October 12, 1993, inter alia, were not admissible under the declaration against interest exception to the hearsay rule. The declaration against interest exception applies if the proponent establishes, among other things, that the declaration was against the declarant's interest when made (*see Tompkins v Fonda Glove Lining Co.,* 188 NY 261, 264 [1907]; *Kelleher v F.M.E. Auto Leasing Corp.,* 192 AD2d 581, 583 [1993]). Here, the defendants failed to make such a showing.

The judgment appealed from does not conform to the jury verdict. The judgment contains separate decretal paragraphs directing the defendant Gary Schultz to pay the plaintiff the principal sum of $100,000 and directing the defendant Jeanne Schultz to also pay the plaintiff the principal sum of $100,000, for a total of $200,000 from those two defendants. However, the jury found that Gary Schultz and Jeanne Schultz were jointly liable for a $100,000 loan and thus awarded the total principal sum of only $100,000 against those two defendants. Accordingly, we delete those provisions of the judgment in favor of the plaintiff and against the defendants Gary Schultz and Jeanne Schultz and remit the matter for the entry of an amended judgment containing a provision in favor of the plaintiff and against the defendants Gary Schultz and Jeanne Schultz jointly in the principal sum of $100,000.

The defendants' remaining contentions either are without merit or do not warrant reversal. Prudenti, P.J., S. Miller, Goldstein and Rivera, JJ., concur.