■ In the Matter of PROGRESSIVE NORTHEASTERN INSURANCE COMPANY, Respondent, v JOHN RANDAZZO, Appellant. [808 NYS2d 262]—

In a proceeding pursuant to CPLR article 75 to permanently stay arbitration of a claim for uninsured motorist benefits, the appeal is from an order of the Supreme Court, Westchester County (Carey, J.H.O.), dated October 13, 2004, which, after a hearing, granted the petition and permanently stayed the arbitration.

Ordered that the order is affirmed, with costs.

Portions of medical records stating the cause of an injury may be entered into evidence under the hearsay exception for business records only if they contain information that was germane to the diagnosis and treatment of the patient (*see Ginsberg v North Shore Hosp.,* 213 AD2d 592 [1995]; *Wilson v Bodian,* 130 AD2d 221, 231 [1987]), and if the source is known (*see Wilson v Bodian, supra; Mercedes v Amusements of Am.,* 160 AD2d 630, 631 [1990]). Here, the appellant sought to admit into evidence at the hearing portions of his medical records which were not germane to his diagnosis and treatment, and which failed to identify their source. The Supreme Court therefore properly refused to consider those portions of the medical records under the business records exception to the hearsay rule when making its determination.

The appellant's remaining contentions are without merit. Florio, J.P., H. Miller, Spolzino and Dillon, JJ., concur.