MARGALIE NELSON, et al., Respondents, v BOGOPA SERVICE CORP. et al., Appellants. [999 NYS2d 88]—

In an action to recover damages for personal injuries, etc., the defendants appeal from a judgment of the Supreme Court, Kings County (Baily-Schiffman, J.), dated December 18, 2012, which, upon jury verdicts on the issues of liability and damages, inter alia, awarded the plaintiff Margalie Nelson the principal sums of $50,000 for past pain and suffering, $140,000 for future pain and suffering, $12,000 for past medical expenses, and $60,000 for future medical expenses.

Ordered that the judgment is reversed, on the law and in the exercise of discretion, with costs, and the matter is remitted to the Supreme Court, Kings County, for a new trial on the issues of liability and damages.

The plaintiffs commenced this action to recover damages, inter alia, for injuries allegedly sustained by the plaintiff Margalie Nelson (hereinafter the injured plaintiff) when she slipped and fell in the defendants' supermarket.

In his opening statement at the liability phase of the trial, defense counsel stated that he would present the testimony of a triage nurse who saw the injured plaintiff in the emergency room immediately after her accident. Defense counsel explained that the nurse would testify as to certain entries in the injured plaintiff's hospital records, which purportedly constituted statements by her indicating that the accident did not occur on the defendants' premises. During the trial, however, the trial court determined that the statements in the hospital records would not be admissible. When the defendants produced the triage nurse to testify, the court precluded her from testifying.

In the plaintiffs' summation, the trial court permitted the plaintiffs' counsel to comment, over the defendants' objection, about the nurse's absence:

"[T]his defense lawyer . . . told you we're going to bring in the nurse from the emergency room to testify in front of you, after she swore to tell the truth, that Margalie Nelson went to the emergency room and told her I didn't fall inside the supermarket, I fell outside the store. So the million dollar question is where was the nurse? Why isn't she here?

"The Judge is going to give you an instruction about witnesses, and it's going to go something—without telling you what

the law is—if you see somebody lying on one thing, you can assume they're lying about everything else. Well, if people make you promises that they can't keep, you can assume that other things that they say aren't true as well, and you were promised. It was their main component of their defense."

The trial court directed that the defendants not allude in summation to the reason the nurse had not testified.

Contrary to the defendants' contention, the Supreme Court providently exercised its discretion in precluding the admission into evidence of the entries in the injured plaintiff's hospital records. The evidence, which purportedly constituted statements by the injured plaintiff indicating that the accident did not occur on the defendants' premises, were not germane to the injured plaintiff's diagnosis and treatment (see Williams v Alexander, 309 NY 283, 287 [1955]; Cuevas v Alexander's, Inc., 23 AD3d 428, 429 [2005]). Further, those statements were either equivocal as to how the accident occurred, or consistent with the injured plaintiff's testimony at trial (see Carcamo v Stein, 53 AD3d 520 [2008]; cf. Berrios v TEG Mgt. Corp., 35 AD3d 775 [2006]). Accordingly, they were not admissible as prior inconsistent statements to impeach her credibility. Since those entries were not admissible, the testimony of the triage nurse with respect to those entries was not admissible.

However, permitting the plaintiffs' counsel to comment on the failure to call the triage nurse as a witness was error, since the defendants in fact produced the witness and were precluded from calling her to testify by the trial court. Further, the comments by the plaintiffs' counsel in summation were not supported by the evidence, and were inflammatory and unduly prejudicial, depriving the defendants of a fair trial (see Ortiz v Jaramillo, 84 AD3d 766 [2011]; Rodriguez v City of New York, 67 AD3d 884, 886 [2009]).

In light of our determination, we need not address the defendants' remaining contentions. Balkin, J.P., Chambers, Miller and Hinds-Radix, JJ., concur.