Grechko v Maimonides Med. Ctr. (2019 NY Slip Op 06478)





Grechko v Maimonides Med. Ctr.


2019 NY Slip Op 06478


Decided on September 11, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 11, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
JEFFREY A. COHEN
SYLVIA O. HINDS-RADIX
JOSEPH J. MALTESE, JJ.


2016-03935
 (Index No. 12681/10)

[*1]Inna Grechko, etc., appellant, 
v
Maimonides Medical Center, et al., respondents, et al., defendants.


Jeffrey E. Michels, New York, NY, for appellant.
Aaronson Rappaport Feinstein & Deutsch, LLP, New York, NY (Elliott J. Zucker of counsel), for respondents.



DECISION & ORDER
In an action to recover damages for medical malpractice, the plaintiff appeals from a judgment of the Supreme Court, Kings County (Ellen Spodek, J.), entered February 25, 2015. The judgment, insofar as appealed from, upon a jury verdict, is in favor of the defendants Maimonides Medical Center and Reginald Orr and against the plaintiff, dismissing the complaint insofar as asserted against those defendants.
ORDERED that the judgment is reversed insofar as appealed from, on the law, with costs, the complaint is reinstated insofar as asserted against the defendants Maimonides Medical Center and Reginald Orr, and the matter is remitted to the Supreme Court, Kings County, for a new trial as to those defendants.
On June 1, 2008, the plaintiff's decedent presented to the emergency room at the defendant Maimonides Medical Center (hereinafter the Medical Center), where he was evaluated by the defendant Reginald Orr, an emergency room physician employed by the Medical Center. Orr diagnosed the decedent with pneumonia. In the decedent's medical record, Orr wrote that he "offered" the decedent hospitalization for fluids and IV antibiotics. However, the decedent was discharged from the emergency room the same day with oral antibiotics and instructions to follow up with his primary care physician. Although Orr testified at trial that he informed the decedent that his pneumonia was serious and required hospitalization, and that the decedent left the Medical Center against medical advice (hereinafter AMA), it is uncontested that Orr never requested that the decedent sign an AMA form before he was discharged.
On June 4, 2008, the decedent presented to his primary care physician, Vitaly Volovoy. After evaluating the decedent, Volovoy sent the decedent to Coney Island Hospital for further treatment. Emmanuil Rakhmanchik, an attending physician at Coney Island Hospital, wrote in the decedent's medical record that according to the decedent's primary care physician, the decedent signed an AMA form at the Medical Center. At a deposition, Volovoy testified that the decedent told him that he refused treatment at the Medical Center, and further that he was discharged home from the Medical Center. Additionally, Mohammed Uddin, a resident physician at Coney Island Hospital, wrote in the decedent's medical record that the decedent was recommended [*2]hospitalization at the Medical Center, but signed an AMA form. The decedent died at Coney Island Hospital on the evening of June 4, 2008.
The plaintiff alleges that the Medical Center and Orr were negligent in failing to recognize the seriousness of the decedent's pneumonia when he presented to the Medical Center on June 1, 2008. Prior to trial, the plaintiff moved, in limine, to preclude and/or redact so much of the entries by Rakhmanchik and Uddin in the decedent's medical record at Coney Island Hospital, and to preclude so much of the deposition testimony of Uddin and Volovoy, as pertained to discussions they had with the decedent. The Supreme Court denied the motion except for that branch of the motion which was to preclude so much of Rakhmanchik's entry as stated that, according to the decedent's primary care physician, the decedent signed an AMA form at the Medical Center, which the court determined was inadmissible hearsay. However, the court later permitted defense counsel to cross-examine the plaintiff's expert emergency medicine physician on the substance of Rakhmanchik's entry.
The jury returned a verdict in favor of the Medical Center and Orr (hereinafter together the defendants), and the Supreme Court entered a judgment, inter alia, dismissing the complaint insofar as asserted against them. On appeal, the plaintiff contends, inter alia, that the court should not have allowed the entries in the Coney Island Hospital record into evidence.
The defendants argue that the entries in the Coney Island Hospital records were admissible under the business records exception to the hearsay rule. "A hearsay entry in a hospital record is admissible under the business records exception to the hearsay rule if the entry is germane to the diagnosis or treatment of the patient" (Berkovits v Chaaya, 138 AD3d 1050, 1051; see CPLR 4518[a]). Here, although the entries were germane to the decedent's diagnosis and treatment, the defendants failed to offer foundational testimony under CPLR 4518(a) or certification under CPLR 4518(c) (cf. Matter of Kai B., 38 AD3d 882, 884). Accordingly, the entries were not admissible under the business records exception to the hearsay rule.
If an entry in the medical records "is inconsistent with a position taken by a party at trial, it is admissible as an admission by that party, even if it is not germane to the diagnosis or treatment, as long as there is evidence connecting the party to the entry'" (Robles v Polytemp, Inc., 127 AD3d 1052, 1054, quoting Coker v Bakkal Foods, Inc., 52 AD3d 765, 766). Here, we agree with the Supreme Court's determination to preclude so much of Rakhmanchik's entry as stated that, according to the decedent's primary care physician, the decedent signed an AMA form at the Medical Center, as the entry clearly states that the decedent's primary care physician, not the decedent himself, was the source of the information contained therein (see Robles v Polytemp, Inc., 127 AD3d at 1054; cf. Amann v Edmonds, 306 AD2d 362, 363). However, we disagree with the court's ruling that the plaintiff opened the door to the admission of Rakhmanchik's entry with the testimony of the plaintiff's expert physician. The expert did not testify to any conversations between the decedent's primary care physician and Rakhmanchik, but only to the decedent's own statements.
Moreover, we disagree with the Supreme Court that Uddin's entry was admissible, as the defendants failed to establish that the decedent was the source of the information that he left the Medical Center after signing an AMA form (see Coker v Bakkal Foods, Inc., 52 AD3d at 766; Cuevas v Alexander's, Inc., 23 AD3d 428, 429; Thompson v Green Bus Lines, 280 AD2d 468, 468; Ginsberg v North Shore Hosp., 213 AD2d 592, 592-593; Echeverria v City of New York, 166 AD2d 409, 410).
Additionally, we disagree with the Supreme Court's determination that the deposition testimony of Uddin and Volovoy was admissible. Pursuant to CPLR 4519, otherwise known as the Dead Man's Statute, "[u]pon the trial of an action . . . a party or a person interested in the event . . . shall not be examined as a witness in his [or her] own behalf or interest . . . against the executor, administrator or survivor of a deceased person or the committee of a mentally ill person . . . concerning a personal transaction or communication between the witness and the deceased person or mentally ill person, except where the executor, administrator, survivor, committee or person so [*3]deriving title or interest is examined in his [or her] own behalf, of the testimony of the mentally ill person or deceased person is given in evidence, concerning the same transaction or communication." Here, both Volovoy and Uddin were defendants at the time they gave deposition testimony, making them interested parties under the statute (see Durazinski v Chandler, 41 AD3d 918, 920). Moreover, they both testified to transactions or communications with the decedent and sought to offer that testimony against the decedent's estate. Accordingly, the Dead Man's Statute applied to, and barred, the admission of their deposition testimony.
The defendants argue that the plaintiff waived the protections of the Dead Man's Statute by eliciting the communications at issue. However, "[t]he executor does not waive rights under the statute by taking the opponent's deposition" (Phillips v Kantor & Co., 31 NY2d 307, 313; see Wall St. Assoc. v Brodsky, 295 AD2d 262, 263). Additionally, although the defendants contend that Volovoy's deposition testimony was properly admitted for impeachment purposes, deposition testimony may only be used to impeach a witness "so far as admissible under the rules of evidence" (CPLR 3117[a]; see Rivera v New York City Tr. Auth., 54 AD3d 545, 547). Contrary to the defendants' contention, the declaration of the decedent did not fall within the declaration against interest exception to the hearsay rule because the defendants failed to establish that the subject statement was against the decedent's interest when made (see Field v Schultz, 308 AD2d 505, 506). Moreover, where the Dead Man's Statute renders a witness's testimony inadmissible, "the fact that the testimony would fall within an exception to the hearsay rule is simply irrelevant" (Wall St. Assoc. v Brodsky, 295 AD2d at 263 [internal quotation marks omitted]).
Under the circumstances here, the erroneous admission of the entries contained in the Coney Island Hospital record and the deposition testimony of Uddin and Volovoy cannot be deemed harmless, as the entries and testimony related to the very issue to be determined by the jury, i.e., whether Orr and the Medical Center failed to recognize the severity of the decedent's illness (see Cuevas v Alexander's, Inc., 23 AD3d at 429). A new trial is therefore necessary.
In light of our determination, we need not reach the plaintiff's remaining contentions.
RIVERA, J.P., COHEN, HINDS-RADIX and MALTESE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court