Fraser v 147 Rockaway Pkw, LLC (2022 NY Slip Op 01772)





Fraser v 147 Rockaway Pkw, LLC


2022 NY Slip Op 01772


Decided on March 16, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 16, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
ROBERT J. MILLER
JOSEPH A. ZAYAS
LARA J. GENOVESI, JJ.


2019-02753
 (Index No. 17179/14)

[*1]Aplin Fraser, appellant, 
v
147 Rockaway Pkw, LLC, respondent.


Law Office of Brian M. King, P.C., (Pollack, Pollack, Isaac & DeCicco, LLP, New York, NY [Brian J. Isaac and Michael H. Zhu], of counsel), for appellant.
Clausen Miller P.C., New York, NY (Kimbley A. Kearney and Christopher T. Scanlon of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from a judgment of the Supreme Court, Kings County (Carolyn E. Wade, J.), dated January 31, 2019. The judgment, upon a jury verdict, is in favor of the defendant and against the plaintiff dismissing the complaint.
ORDERED that the judgment is reversed, on the law, with costs, the complaint is reinstated, and the matter is remitted to the Supreme Court, Kings County, for a new trial.
In December 2014, the plaintiff commenced this action against the defendant to recover damages for injuries she alleged she sustained on August 30, 2014, when she fell through a broken step on a public staircase in a multi-family building owned by the defendant. After a nine-day trial, the jury found that the defendant was not negligent. Thereafter, the Supreme Court issued a judgment dated January 31, 2019, in favor of the defendant and against the plaintiff dismissing the complaint.
Contrary to the plaintiff's contention, the verdict was not contrary to the weight of the evidence. "A jury verdict should not be set aside as contrary to the weight of the evidence unless [the jury] could not have [reached the verdict by] any fair interpretation of the evidence" (Arroyo v Derfner Mgt., Inc., 191 AD3d 747, 749; see Mitchell v Quincy Amusements, Inc., 168 AD3d 925, 926). "'Whether a jury verdict should be set aside as contrary to the weight of the evidence does not involve a question of law, but rather requires a discretionary balancing of many factors'" (Mitchell v Quincy Amusements, Inc., 168 AD3d at 926, quoting Gaudiello v City of New York, 80 AD3d 726, 726-727).
"In order for a landowner to be liable in tort to a plaintiff who is injured as a result of an allegedly defective condition upon property, it must be established that a defective condition existed and that the landowner affirmatively created the condition or had actual or constructive notice of its existence" (Dougherty v 359 Lewis Ave. Assoc., LLC, 191 AD3d 763, 764 [internal quotation marks omitted]). "A defendant has constructive notice of a dangerous condition when the [*2]condition is visible and apparent, and has existed for a sufficient length of time to afford the defendant a reasonable opportunity to discover and remedy it" (Fortune v Western Beef, Inc., 178 AD3d 671, 672).
Here, contrary to the plaintiff's contention, the testimony at trial that the defendant had constructive notice of the alleged condition of the stairs was not undisputed. There is a fair interpretation of the evidence that the alleged dangerous condition was not "visible and apparent," based upon the plaintiff's own testimony that she did not notice anything wrong with the stairs prior to her accident. Accordingly, the verdict was not contrary to the weight of the evidence (see Rivera v Motor Veh. Acc. Indem. Corp., 119 AD3d 540, 541).
The Supreme Court should not have admitted into evidence photographs of the stairs at issue taken by the defendant's accident investigator several months after the accident since the investigator testified that he could not represent that the stairway looked the same as it looked at the time of the accident. However, the error was harmless as the plaintiff did not show that she was prejudiced by the error (see CPLR 2002; see generally Maiorani v Adesa Corp., 83 AD3d 669, 673).
The Supreme Court's admission into evidence of entries in the plaintiff's medical records from Kings County Hospital relating to complaints of dizziness by the plaintiff a few days after her alleged fall was a provident exercise of discretion. A hearsay entry in a hospital record that is germane to the diagnosis or treatment of the patient is admissible under the business records exception to the hearsay rule when the source of the statement had a duty to make the statement or some other hearsay exception applies (see Grechko v Maimonides Med. Ctr., 188 AD3d 832, 833-834; Ginsberg v North Shore Hosp., 213 AD2d 592, 592). Here, the entries in the Kings County Hospital medical records were admissible as they indicated that the plaintiff herself reported to hospital personnel that she had been experiencing dizziness since March 2014—information that was germane to her treatment at that time (see Nelson v Friends of Associated Beth Rivka Sch. for Girls, 119 AD3d 536, 538; Berrios v 735 Ave. of the Ams., LLC, 103 AD3d 472, 472-473).
Nevertheless, the Supreme Court should have precluded the admission into evidence of an entry in a medical record from Brookdale Hospital Medical Center (hereinafter the Brookdale medical record) that indicated that the plaintiff sustained a "mechanical fall down 'a few' stairs." An entry in a medical record that is not germane to diagnosis or treatment but is inconsistent with a position taken by a party at trial is admissible as an admission by that party only when there is evidence connecting the party to the entry (see Grechko v Maimonides Med. Ctr., 188 AD3d at 834; Robles v Polytemp, Inc.,127 AD3d 1052, 1054). "[W]here the source of the information on the hospital or doctor's record is unknown, the record is inadmissible" (Ginsberg v North Shore Hosp., 213 AD2d at 592).
Here, the Brookdale medical record was not germane to the plaintiff's diagnosis or treatment, and thus was not admissible on that basis (see Nelson v Bogopa Serv. Corp., 123 AD3d 780, 781; Sermos v Gruppuso, 95 AD3d 985, 986-987). Moreover, there was no showing that the plaintiff was the source of the information in that record and so it was not admissible as an admission by the plaintiff (see Grechko v Maimonides Med. Ctr., 188 AD3d at 835; Cuevas v Alexander's, Inc., 23 AD3d 428, 429). Accordingly, it was error to admit that record.
The Supreme Court compounded this error when it specifically charged the jury about the Brookdale medical record which drew the jury's attention to the improperly admitted evidence (see Hardy v Sicuranza, 133 AD2d 138, 138). Since this improperly admitted evidence and the court's charge to the jury about it related to issues to be determined by the jury, i.e., the cause of the plaintiff's fall and the defendant's liability (see Grechko v Maimonides Med. Ctr., 188 AD3d at 836; Carcamo v Stein, 53 AD3d 520, 521), this error was not harmless.
Accordingly, we reverse the judgment, reinstate the complaint, and remit the matter for a new trial.
The plaintiff's remaining contentions need not be reached in light of our determination.
DUFFY, J.P., MILLER, ZAYAS and GENOVESI, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court