DeBenedetto v Kingswood Partners, LLC (2022 NY Slip Op 03495)





DeBenedetto v Kingswood Partners, LLC


2022 NY Slip Op 03495


Decided on June 1, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 1, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
SHERI S. ROMAN
LARA J. GENOVESI
WILLIAM G. FORD, JJ.


2019-07729
 (Index No. 1102/12)

[*1]Gary DeBenedetto, et al., appellants,
v
Kingswood Partners, LLC, defendant/second third-party plaintiff, Schimenti Construction Company, LLC, defendant/third-party plaintiff/ third third-party plaintiff-respondent, TJX Companies, Inc., defendant/second third-party defendant; Accurate Plumbing and Heating Corporation, third-party defendant; White Tail Interiors, LLC, third third-party defendant.


Napoli Shkolnik PLLC, New York, NY (Joseph J. Napoli and Michael J. Hutter of counsel), for appellants.
James J. Toomey, New York, NY (Michael J. Kozoriz of counsel), for defendant/ second third-party plaintiff, Kingswood Partners, LLC; defendant/third-party plaintiff/third third-party plaintiff-respondent, Schimenti Construction Company, LLC; and defendant/second third-party defendant, TJX Companies, Inc.
Milber Makris Plousadis & Seiden, LLP, White Plains, NY (Lorin A. Donnelly of counsel), for third-party defendant, Accurate Plumbing and Heating Corporation.
Newman Myers Kreines Harris, P.C., New York, NY (Charles D. Cole, Jr., of counsel), for third third-party defendant, White Tail Interiors, LLC.



DECISION & ORDER
In a consolidated action to recover damages for personal injuries, etc., the plaintiffs appeal from a judgment of the Supreme Court, Kings County (Edgar G. Walker, J.), dated May 28, 2019. The judgment, upon a jury verdict, in effect, is in favor of the defendant/third-party plaintiff/third third-party plaintiff-respondent, Schimenti Construction Company, LLC, and against the plaintiffs, dismissing the complaint insofar as asserted against it.
ORDERED that the judgment is affirmed, with costs to the defendant/third-party plaintiff/third third-party plaintiff-respondent, Schimenti Construction Company, LLC.
On Friday, September 3, 2010, the plaintiff Gary DeBenedetto (hereinafter the injured plaintiff), who was an employee of Accurate Plumbing and Heating Corporation (hereinafter Accurate), was installing a water heater at a construction site owned by Kingswood Partners, LLC (hereinafter Kingswood), and leased to TJX Companies, Inc. (hereinafter TJX). Schimenti Construction Company, LLC (hereinafter Schimenti), was the general contractor for the project. As the injured plaintiff descended from a ladder, he allegedly slipped on a piece of a "pencil rod" used [*2]to install the ceiling, sustaining personal injuries. The injured plaintiff, and his wife suing derivatively, commenced this action to recover damages for personal injuries against Kingswood and Schimenti, and a separate action against TJX, which was later consolidated with this action. Schimenti commenced a third-party action against Accurate, Kingswood commenced a second third-party action against TJX, and Schimenti commenced a third third-party action against White Tail Interiors, LLC, the carpentry subcontractor. The case proceeded to trial.
At trial, the injured plaintiff testified that as he was installing the water heater, he stepped down the ladder, his foot hit the ground and slipped underneath him, and he hit a wall behind him. He did not see what he fell on before he fell. His coworker handed him the pencil rod after he fell. At the conclusion of the trial, the jury was asked if Schimenti violated Labor Law § 241(6), by violating 12 NYCRR 23-1.7(e)(2) of the Industrial Code, which requires that work areas be kept free of accumulations of dirt and debris and scattered tools and materials. The jury was also asked if Schimenti violated Labor Law § 200 by failing to provide a safe place to work, and if Schimenti was negligent. The jury answered "no" to all questions. A judgment was entered, in effect, in favor of Schimenti and against the plaintiffs, dismissing the complaint insofar as asserted against Schimenti. The plaintiffs appeal.
At issue on this appeal is whether a portion of an incident report prepared by Schimenti on Tuesday, September 7, 2010, which stated that, "When climbing down the ladder the individual stepped on a piece of pencil rod, rolled his ankle and fell backwards and hit his head" was improperly excluded from evidence as inadmissible hearsay. The incident report was a business record prepared by the superintendent of the project, who was employed by Schimenti. At the trial, the superintendent of the project testified that the incident report was based upon the statements of the injured plaintiff's coworker, who the superintendent testified was the injured plaintiff's plumbing foreman. The Supreme Court ruled that the statement was hearsay, and would only be admissible as part of a business record if the coworker had a business duty to report that information to Schimenti.
For the statement of the injured plaintiff's coworker to be admissible as a business record for its truth, the coworker must have had personal knowledge of the information and be under a business duty to report the information "within the course of regular business conduct," or the statement must satisfy another hearsay exception (Matter of Leon RR, 48 NY2d 117, 122; see Grechko v Maimonides Med. Ctr., 188 AD3d 832, 834; Weicht v City of New York, 148 AD3d 551). Although the superintendent of the project described the injured plaintiff's coworker as a foreman, the injured plaintiff claimed that he himself was the foreman, and his coworker was in fact his apprentice. The injured plaintiff testified that both he and his coworker received their instructions from Ken Crisso, Sr., and/or Ken Crisso, Jr., of Accurate. Ken Crisso, Jr., appeared in court at the trial, but the plaintiffs' counsel stated he did not need him as a witness, and he was sent home.
The general rule is that a statement in a business record made by an outsider to the business enterprise is inadmissible as a business record because it "lacks the inherent trustworthiness or indicia of reliability" (Hochhauser v Electric Ins. Co., 46 AD3d 174, 181). Here, the injured plaintiff's coworker was not affiliated with Schimenti. Further, since the injured plaintiff described his coworker as his apprentice and testified that he took instructions from Ken Crisso, Sr., and/or Ken Crisso, Jr., neither of whom testified at the trial, the plaintiffs failed to establish that the coworker had a business duty to provide the information in issue. Accordingly, the coworker's statement in the incident report was properly excluded from evidence.
The plaintiffs' remaining contentions are either without merit or not properly before this Court.
IANNACCI, J.P., ROMAN, GENOVESI and FORD, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court